No. 90-148

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

PAT M. GOODOVER,

    Plaintiff and Respondent,

        v.

LINDEY'S, INC., and the ESTATE OF
WILLIAM C. FOREST, deceased, and
the unknown heirs and unknown devisees
of any Defendant, above-named, who may
be deceased, et al.,

    Defendants and Appellants.



APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Jack L. Green, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Paul Neal Cooley, Skelton & Cooley, Missoula,
            Montana (Lindey's); Jerome T. Loendorf, Harrison,
            Loendorf & Posten, Helena, Montana (Estate of
            Forest)

        For Respondent:

            John W. Larson, Missoula, Montana


                        Submitted on Briefs:   August 9, 1990

                                    Decided:   December 18, 1990

Filed:

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Defendant and appellant, Lindey's, Inc., appeals from an order of the Fourth Judicial District Court, Missoula County, requiring it to undertake efforts to locate underground fuel storage tanks and to remove a restroom facility encroaching upon property owned by plaintiff and respondent, Pat M. Goodover. We affirm.

We will address the following issue:

Did the District Court err in fashioning a remedy to enforce its earlier declaratory judgment that established the location of the north-south boundary line dividing the parties' property?

Plaintiff and respondent, Pat M. Goodover, is the owner of Lot 2 and defendant and appellant, Lindey's, Inc., is the owner of Lot 1 of the Seeley Lake Shores Sites in Missoula County. In order to resolve a boundary dispute between the parties, Goodover, on August 21, 1984, filed an action for declaratory judgment and quiet title. After a trial held on April 7, 1987, the District Court issued findings of fact, conclusions of law and judgment in favor of Goodover, establishing the north-south boundary between the lots. The court specifically reserved the issue of damages for a later hearing.

Lindey's appealed to this Court, arguing that substantial credible evidence did not support the boundary line established by the District Court. In Goodover v. Lindey's, Inc., 232 Mont. 302, 757 P.2d 1290 (1988), we affirmed the judgment of the District Court.

2

After the complaint was filed but prior to trial, Lindey's constructed a restroom facility and installed two underground fuel storage tanks in the area of the disputed boundary. Once the boundary was established by the District Court, it was apparent that the restroom encroached upon Goodover's property. It was also possible that the fuel storage tanks encroached upon the property; however, it was impossible to determine the exact location of the tanks because they were buried.

Following this Court's affirmance of the boundary-line issue, Goodover petitioned the District Court to issue an order requiring Lindey's to show cause why it should not be required to remove the restroom facility from its encroachment and why it should not be required to determine the exact site of the underground fuel storage tanks. A hearing on the matter was held on November 13, 1989, after which the District Court entered an order requiring Lindey's to remove the encroaching restroom facility and to locate the buried fuel storage tanks. Lindey's appeals.

Lindey's raises a myriad of issues in an attempt to relitigate the boundary-line question. We refuse to examine these arguments, however, because the boundary-line issue was reviewed and finally decided during the first appeal to this Court. The District Court's determination of the boundary line is thus res judicata and cannot be reconsidered on this appeal.

The issue we will consider is whether the District Court erred in fashioning a remedy to enforce its declaratory judgment that established the north-south boundary dividing the parties'

property. Lindey's argues that the District Court exceeded its jurisdiction by requiring it to move the restroom and locate the fuel storage tanks when Goodover's complaint did not request such measures in its prayer for relief. We do not agree.

Goodover brought this action as one for quiet title and declaratory judgment. The Uniform Declaratory Judgments Act, §§ 27-8-201 through -313, MCA, authorizes the District Court to provide supplemental relief when petitioned to do so. Section 27-8-313, MCA, states:

> Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefore shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by a declaratory judgment or decree to show cause why further relief should not be granted forthwith.

The statute enables the District Court to retain jurisdiction to grant further relief as it deems necessary and proper to enforce the declaratory judgment. The supplemental relief should be designed to provide complete relief to the parties, which may include a monetary judgment or coercive relief or both. See Lowe v. Harmon, 115 P.2d 297, 300 (Or. 1941). In fashioning the remedy, the court is not bound by the relief requested in the complaint but may order any relief needed to effectuate the judgment. Dry Canyon Farms, Inc. v. United States Nat'l Bank, 772 P.2d 1343, 1345 (Or. Ct. App. 1989).

In Dry Canyon Farms, 772 P.2d at 1345, the Oregon Court of Appeals interpreted the scope of Oregon's supplemental relief

4

statute, which is identical to ours, as follows:

> [T]he scope of relief under ORS 28.080 [the Oregon supplemental relief statute] is controlled by the underlying declaratory judgment and not by the claims raised in the original proceedings. Accordingly, a party is not precluded from seeking supplemental relief in the form of damages by its failure to claim such damages in the original declaratory proceeding.

Likewise, Goodover was not precluded from asking the District Court to order Lindey's to remove the restroom facility and to locate the underground fuel storage tanks. The remedies were needed to give complete and effectual relief to the declaratory judgment. The full resolution of the boundary-line dispute required Lindey's to remove the encroachments from Goodover's property. The District Court did not err in granting the supplemental relief.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices