No.  93-598

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

LINDEY'S, INC., a Minnesota
Corporation,

          Plaintiff and Appellant,

     v.

PAT M. GOODOVER, GALE A. and VERNA WELCH,
all persons unknown, claiming or who might
claim any right, title, estate or interest
in, or lien or encumbrance upon the real
property described in the complaint adverse
to plaintiff's ownership or any cloud upon
plaintiff's title thereto whether such claim
or possible claim be present or contingent,

          Defendants and Respondents.

FILED

APR 12 1994

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Paul Neal Cooley, Skelton & Cooley,
          Missoula, Montana

     For Respondents:

          John K. Tabaracci, Sullivan & Tabaracci,
          Missoula, Montana

Submitted on Briefs:  February 10, 1994

Decided:  April 12, 1994

Filed:

_____
              Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Plaintiff/appellant, Lindey's, Inc., appeals from an order of the Fourth Judicial District Court, Missoula County, granting summary judgment to defendants/respondents, Pat M. Goodover, and Gale A. and Verna Welch, and dismissing appellant's amended complaint which sought to quiet title to a narrow triangular parcel of land that appellant contends exists between two lots on Seeley Lake owned by respondents.

We affirm on issue one and remand on the issue of Rule 11 sanctions for notice and hearing on attorney fees and for consideration of attorney fees for this appeal.

Appellant raises the following issues:

1.    Did the District Court err when it granted respondents' motion for summary judgment?

2.    Did the District Court err in assessing Rule 11 sanctions?

This case is the fifth appeal stemming from a boundary dispute between appellant and respondent Goodover, both of Seeley Lake. In the present case, appellant brings an action against all unknown persons who might claim right to a newly disputed parcel at Seeley Lake Shore Sites, namely, a portion of Lot 4, owned by Gale A. and Verna Welch. In Goodover v. Lindey's, Inc. (1988), 232 Mont. 302, 757 P.2d 1290 (Goodover I), we affirmed the District Court's determination in Cause No. 60203 of the boundary between Goodover's and appellant's lots. Since that decision, the parties presented this Court with three related appeals in Goodover v. Lindey's, Inc.

2

(1990), 246 Mont. 80, 802 P.2d 1258 (Goodover II), writ denied (1992), 254 Mont. 539, 840 P.2d 587, Goodover v. Lindey's, Inc. (1992), 255 Mont. 430, 843 P.2d 765 (Goodover III), and Goodover v. Lindey's, Inc. (1993), 257 Mont. 38, 847 P.2d 699 (Goodover IV).

A review of the facts of the prior appeals are detailed in Goodover I, 757 P.2d at 1291-93, Goodover II, 802 P.2d at 1259, and Goodover III, 843 P.2d at 767-68. For purposes of this decision, we will review only those facts relevant to this appeal.

The parties own single lots at Seeley Lake Shore Sites in Missoula County. All the lots are aligned on the shore of Seeley Lake. The boundaries between the parties' lots run north/south. Appellant owns Lot 1. Goodover owns adjoining Lot 2. The Welches own Lot 4, adjoining Goodover's lot. Lot 1 lies north of Lot 2. Lot 2 is north of Lot 4.

On October 5, 1992, appellant filed an equitable action against all unknown persons who might claim an interest adverse to its claim in an alleged narrow triangular parcel of land in Lot 4 on the boundary with Lot 2. Both Goodover and the Welches intervened in the case. Subsequently, appellant amended its complaint, adding an independent action to set aside the decision in Cause No. 60203 on the grounds of alleged newly discovered evidence. Appellant claimed that in 1990 it re-surveyed eight of the lots at Seeley Lake Shore Sites and found eight original monuments in their original locations. The surveyor located an original marker, determined to be the boundary between Lots 2 and 4, that was 18 feet from the second generation marker used by

3

appellant in Cause No. 60203. The surveyor did not find a monument indicating the original corner marker between Lots 1 and 2, the disputed boundary in Cause No. 60203.

As a result of its 1990 survey, appellant claimed that a narrow triangular parcel of "no man's land," in what is Lot 4 belonging to the Welches, had not been accounted for judicially in Cause No. 60203. Specifically, appellant claimed that discovery of the original monuments established that this parcel was "unclaimed by any legal entity or person with a legal claim," and "was abandoned by the former owner thereof in the course of litigation." Further, appellant claimed "that it was the first to discover [the land], the first to lay claim to it, that it has improved it and made beneficial use of it by having it surveyed and that it intends to pay taxes on the same." This equity argument was premised on the theory that this parcel of land is of equal dimension to the parcel of land appellant contends was taken from it in Cause No. 60203.

Appellant asked the District Court to reconsider Cause No. 60203, in light of its claim under Rule 60(b), M.R.Civ.P., of "newly discovered evidence," namely, the newly discovered original corner monument common to Lots 2 and 4.

The District Court found that as a result of the decision in Cause No. 60203, which this Court affirmed in Goodover I, the boundary between Lots 2 and 4 was *res judicata*. The court concluded that appellant was seeking, in essence, to relitigate the boundary of Lots 1 and 2.

4

The court also found that appellant could not invoke Rule 60(b), M.R.Civ.P., to bring an independent cause of action to set aside the judgment entered in Cause No. 60203 under a theory of newly discovered evidence. The court concluded that appellant's so-called newly discovered evidence could have been discovered before the initial trial.

In addition, the District Court found that appellant could not claim the disputed parcel under the theory that it was the first party to discover it, the first to lay claim to it, that it had improved it and made beneficial use of it by having it surveyed and that it intended to pay taxes on it. The court concluded that such a claim could only spring from adverse possession, pursuant to § 70-19-411, MCA, which appellant failed to establish.

On June 27, 1993, the District Court dismissed appellant's complaint and granted respondents' motion for summary judgment. The court also awarded respondents their costs and attorney fees, pursuant to Rule 11, M.R.Civ.P., as they had requested in their reply brief in support of the motion for summary judgment.

On October 12, 1993, appellant filed this appeal.

ISSUE 1

Did the District Court err when it granted respondents' motion for summary judgment?

Appellant argues that the District Court should have set aside Cause No. 60203, and denied respondents' motion for summary judgment. Appellant claims that it had a meritorious independent cause of action under Rule 60(b), M.R.Civ.P. Appellant asserts

5

that after it had filed its independent equitable action on the grounds of newly discovered evidence, pursuant to Rule 60(b), M.R.Civ.P., the District Court granted its motion to amend the complaint, even after respondents opposed the motion partially on the grounds that there was no basis in fact or law for relitigation of these issues. Appellant contends that the court's decision to grant its motion to amend implied that its independent cause of action had merit.

In addition, appellant claims title to the narrow triangular parcel of land on the Welches' Lot 4 on the theory that it was the first to discover, lay claim to, and improve the parcel. Appellant contends that its 1990 survey created a discrepancy between the original boundary of Lots 2 and 4, and the same boundary as referenced in Cause No. 60203. Appellant argues that this discrepancy impliedly created a narrow triangular parcel of land which was "omitted" in Cause No. 60203, and which was "abandoned by the former owner thereof in the course of litigation."

Appellant asks this Court to set aside Goodover I, because the newly discovered evidence clearly indicates the incorrectness of Goodover I and Goodover II.

A trial court's award of summary judgment requires the absence of any genuine issue as to material fact and that the movant is entitled to summary judgment as a matter of law. Rule 56(c), M.R.Civ.P.

The court found that, in essence, appellant's new claim to part of the Welches' Lot 4 was an attempt to relitigate the

6

boundary between Lots 1 and 2, which had been determined judicially in Cause No. 60203, and affirmed in Goodover I. The court reasoned that for any such parcel of land to exist, that judicial determination would have to be ignored. As a result, the court found that appellant's Rule 60(b) claim was barred by *res judicata*.

We agree with the District Court that the matter is *res judicata* and that appellant's claim is without merit. Appellant's claim that its 1990 survey of Seeley Lake Shore Sites created a narrow parcel of unclaimed land in Lot 4 is a distortion. The boundaries between the Seeley Lake Shore Sites lots are interdependent. Appellant's determination of the boundary between Lots 2 and 4 as a result of its 1990 survey, and its subsequent claim to the so-called "no man's land" in Lot 4, could arise only by way of reasserting that the boundary between Lots 1 and 2 as found by the District Court in Cause No. 60203 was inaccurate--a matter already adjudged and affirmed by this Court. We agree with the District Court that for any such parcel of Lot 4 to exist, that judicial determination must be ignored. Our holdings in Goodover II and Goodover III are again on point:

We stated in *Goodover II*:

> Lindey's raises a myriad of issues in an attempt to relitigate the boundary-line question. We refuse to examine these arguments, however, because the boundary-line issue was reviewed and finally decided during the first appeal to this Court. The District Court's determination of the boundary line is thus res judicata and cannot be reconsidered on this appeal.

246 Mont. at 82, 802 P.2d at 1260.

7

<u>Goodover III</u>, 843 P.2d at 773.

Further, appellant's independent action, pursuant to Rule 60(b), M.R.Civ.P., on the grounds of newly discovered evidence has no merit and thus raised no genuine issues of fact or law. A party may seek relief from a final judgment for:

> newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).

Rule 60(b)(2), M.R.Civ.P. The court reasoned that with due diligence appellant could have discovered the original boundaries before the initial trial. The court relied on an affidavit of appellant's 1990 surveyor who ascribed negligence on the part of the earlier surveyors, and not impossibility, as the reason that the evidence had not been discovered before the initial trial. Thus, the court found that appellant could not rely on the exception to a final judgment in Rule 60(b), M.R.Civ.P., and raised no genuine issues of fact or law on the grounds of newly discovered evidence. We conclude that the District Court had substantial credible evidence with which to conclude that appellant could not rely on Rule 60(b), M.R.Civ.P., and raised no genuine issues of fact or law.

We do not agree with appellant that when the District Court granted its motion to amend the complaint, it impliedly ruled that its independent action had merit. The ruling was not substantive, but rather, procedural in nature and was granted as a matter of course. Rule 15(a), M.R.Civ.P.

8

In addition to the foregoing, the court granted respondents' motion for summary judgment because appellant failed to establish adverse possession of the disputed parcel of land. The court reasoned that appellant's "I saw it first" theory could only spring from adverse possession, pursuant to § 70-19-411, MCA, which appellant would not assert and did not establish. Montana law requires occupancy and payment of taxes to prove adverse possession:

> In no case shall adverse possessions be considered established under this code unless it shall be shown that the land has been occupied and claimed for a period of 5 years continuously and the party or persons, their predecessors, and grantors have during such period paid all the taxes, state, county, or municipal, which have been legally levied and assessed upon said land.

Section 70-19-411, MCA. The court found that appellant was a stranger to the record title of Lot 4, had never been seized of the property, and had not paid taxes on the same.

We agree that appellant could not claim the Welches' land on the grounds that it was abandoned judicially and that appellant discovered, laid claim to, and improved the disputed parcel. At best, appellant's claim and alleged improvements to the Welches' property amounted to trespass. Because appellant failed to establish adverse possession, the court rightly found no genuine issue of fact or law based on appellant's "I saw it first" theory.

Finally, appellant's equitable claim to the disputed parcel because it approximates the land that was taken from it in Cause No. 60203 is likewise without merit. Such a claim demonstrates

9

appellant's continued refusal to accept the results of <u>Goodover I</u> and its progeny, and in essence, to relitigate the boundary issue.

Where appellant could have discovered the original boundaries before the initial trial, its Rule 60(b) claim to the disputed parcel of land was barred by *res judicata*. We hold that appellant raised no genuine issues of fact or law, and that the District Court properly granted respondents' motion for summary judgment.

## ISSUE 2

Did the District Court err in assessing Rule 11 sanctions?

Lindey's argues that the District Court violated its due process rights when the court imposed Rule 11 sanctions in this manner. Appellant alleges that before the District Court imposed Rule 11 sanctions, it should have issued an order to show cause why appellant should not receive the sanctions. Appellant asserts that it needed time to prepare its case against the sanctions. Further, appellant argues that the District Court did not disclose upon which document or pleading it based its ruling for sanctions.

The record shows that in their motion for summary judgment, respondents raised the issue of whether appellant's independent action had any factual or legal basis for its quiet title action against the disputed parcel. In addition, in their reply brief in support of the motion for summary judgment, respondents requested their costs and attorney fees, pursuant to Rule 11, M.R.Civ.P.

In pertinent part, Rule 11, M.R.Civ.P., reads as follows:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the

10

signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Respondents argue that Rule 11, M.R.Civ.P., contains no requirement that a trial court issue a separate and specific order to show cause, setting forth the specific questionable conduct, or affording an opportunity to be heard. In addition, respondents assert that the Montana Rules of Civil Procedure provided appellant with adequate notice of the claimed violation and ample opportunity to consider the issue without any violation of appellant's due process rights. Respondents argue that appellant had full notice that the District Court was required to impose sanctions should it determine that the facts constituted a violation of the rule.

This issue presents a case of first impression. We agree with appellant that it is entitled to notice and a hearing, and specifically, to know the basis upon which the District Court imposed sanctions.

Respondents rely on the language of Rule 11, M.R.Civ.P., and their pleadings wherein they raised the issue of whether appellant's independent action had any factual or legal basis, and

11

wherein they requested their costs and attorney fees, pursuant to Rule 11.

Although Montana's Rule 11 does not state that a trial court must give notice to show cause and hold a hearing before imposing Rule 11 sanctions, we hold that a trial court should do so in order to provide the party with due process. The party should be afforded sufficient time in which to prepare its case against imposition of sanctions. In addition, a trial court should specify in its judgment or order upon which pleading(s), motion(s), or other paper(s) it bases imposition of Rule 11 sanctions.

We affirm on issue one and remand on the issue of Rule 11 sanctions for notice and hearing on attorney fees and for consideration of attorney fees for this appeal.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

12