No. 00-033

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 173N

JAMES DELOS HALDEMAN,

Petitioner and Appellant,

v.

BLAZE MARIE ELLIOTT,

f/k/a BLAZE MARIE HALDEMAN,

Dissolution case Respondent.

THE HONORABLE THOMAS A. OLSON,

Respondent.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Dana C. Christian, Attorney at Law, Livingston, Montana

For Respondent:

Daniel J. Roth, Attorney at Law, Bozeman, Montana

(for The Honorable Thomas A. Olson)

Submitted on Briefs: April 27, 2000

Decided: July 6, 2000

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in its table of noncitable cases issued by this Court.

2. ¶Dana C. Christian (Christian), attorney at law, appeals from the Judgment entered against him, personally, for attorney fees and costs by the Eighteenth Judicial District Court, Gallatin County, the Honorable Jeffrey M. Sherlock presiding (Judge Sherlock or District Court), on its underlying Order denying Christian's motion for disqualification of the Honorable Thomas A. Olson (Judge Olson) and assessing sanctions in the form of attorney fees and costs. We reverse in part and remand, and we refer this case to this Court's Commission on Practice for consideration of Christian's conduct in the matters underlying this appeal.

3. ¶We address the following restated issues on appeal:

4. ¶1. Did the District Court abuse its discretion in awarding attorney fees and costs against Christian as a sanction for filing a motion to disqualify Judge Olson?

5. ¶2. Should Judge Olson be awarded attorney fees under Rule 32, M.R.App.P., as a sanction against Christian for bringing a frivolous appeal?

## BACKGROUND

1. ¶Christian filed a Verified Petition for Determination of Child Custody and Related Matters, on behalf of James Delos Haldeman (Haldeman), in the Eighteenth Judicial District Court, Gallatin County, on June 7, 1999. Summons was served on Blaze Marie Elliott, formerly known as Blaze Marie Haldeman, on June 8, 1999. Judge Olson held a hearing on June 14, 1999, and the parties stipulated to modify an Illinois decree to provide that their minor children would reside with Haldeman. On the same date, Judge Olson entered his Order approving the stipulation.

2. ¶Two weeks later, Christian filed a Motion and Brief to Remove Judge for Cause pursuant to § 3-1-805, MCA, purportedly on Haldeman's behalf. No affidavit from Haldeman accompanied the motion. Instead, Christian filed his own affidavit observing that no negative rulings had been made against his client and, indeed, the only ruling in the case had been favorable to his client. Christian's affidavit stated that Judge Olson "has a disqualifying personal bias or prejudice . . . in this type of case where a father, and not the mother, has custody of minor children from a divorce."

3. ¶Judge Sherlock was duly appointed to preside over the disqualification proceeding and an evidentiary hearing on Christian's motion to disqualify was held on August 30, 1999. Christian presented a number of witnesses at the hearing who had been involved in past dissolution cases heard by Judge Olson, none of which was related to his client's case and none of which had been appealed. Christian conceded at the end of the hearing that he was not being paid for bringing the motion to disqualify. Christian's motive with regard to the motion was "to prove [Judge] Olson's bias [against men and fathers in domestic relations cases] to benefit those involved in future cases" and "for the good of future fathers going through a divorce." In various briefs and pleadings, Christian stated that Haldeman himself had "no personal conflict with the Judge. . . . This is a public conflict regarding the Judge's public judicial conduct having nothing to do personally with Mr. Haldeman, except as to his gender."

4. ¶Both parties briefed various issues after the hearing, including Judge Olson's request for sanctions against Christian under § 3-1-805(1)(d), MCA, in the form of attorney fees and costs. On November 10, 1999, Judge Sherlock issued his Order denying Christian's motion for disqualification of Judge Olson "as being without any basis in law or fact." The Order also stated that sanctions were appropriate under both § 3-1-805(1)(d), MCA, and Rule 11, M.R.Civ.P., and that such sanctions would be imposed against Christian. It ordered Christian to pay attorney fees incurred by Judge Olson. A Notice of Entry of that Order was filed and served on November 10, 1999.

5. ¶ On the same date, Judge Olson's counsel filed a Motion for Entry of Judgment requesting judgment against Christian in the amount of $2,903.14, representing the ordered attorney fees and costs incurred, with interest thereon, together with an affidavit setting forth time and billing records totaling that amount. The District Court entered Judgment in the stated amount, with interest, on November 16, 1999, and a Notice of Entry of Judgment was filed and served on November 17, 1999.

6. ¶Christian appeals from the imposition of attorney fees and costs as a sanction and

from the amount assessed. He does not appeal from Judge Sherlock's denial of his motion to disqualify Judge Olson.

## DISCUSSION

1. ¶1. Did the District Court abuse its discretion in awarding attorney fees and costs against Christian as a sanction for filing a motion to disqualify Judge Olson?

2. ¶Section 3-1-805, MCA, authorizes a party to a court proceeding to file an "affidavit alleging facts showing personal bias or prejudice of the presiding judge. . . ." When such an affidavit is filed against a district court judge, the matter is referred to this Court and the Chief Justice assigns another district court judge to hear the matter. Section 3-1-805, MCA. It is undisputed in this case that Christian's affidavit was not that of a "party" alleging facts showing personal bias or prejudice of the presiding judge against the party. Indeed, as set forth above, Judge Olson had made only one ruling in the underlying matter and that order approved the stipulation of Haldeman and his former spouse to modify an Illinois decree to provide that the minor children would reside with Haldeman. Notwithstanding the absence of the required affidavit, however, the Chief Justice of this Court appointed Judge Sherlock to hear the motion to disqualify Judge Olson.

3. ¶The transcript of the hearing on Christian's motion, and other statements of record, are clear that Christian's motive in attempting to disqualify Judge Olson was premised on his own view that the judge was biased against men and fathers in domestic relations cases. Christian's client, Haldeman, was not involved in any way in the motion and could hardly have reasonably alleged bias or prejudice against Judge Olson, since the only ruling Judge Olson made in his case was to approve the parties' stipulation which favored Haldeman as the children's residential custodian.

4. ¶Judge Sherlock denied the motion to disqualify. In doing so, he determined that Christian had failed to follow the procedures required by § 3-1-805, MCA. He also determined that the motion was totally without merit, observing that the purpose of the motion was "to advance whatever [Christian's] own agenda might be at the expense and reputation of a good and decent man[,]" and stating that Christian had "failed to support his contention that Judge Olson was prejudiced against Haldeman or men in general." As noted above, Christian does not appeal from the denial of the motion to disqualify.

5. ¶Pursuant to the discretion vested by § 3-1-805(1)(d), MCA, Judge Sherlock assessed attorney fees and costs against Christian for filing the motion to disqualify

without any proper reason and as an attempt "to take an unconscionable advantage of Judge Olson to the advantage of Christian." He also determined sanctions were appropriate pursuant to Rule 11, M.R.Civ.P. Christian contends that Judge Sherlock erred in doing so without notice and a hearing and that, at such a hearing, he could successfully have withstood both the award of fees and costs and the amount awarded.

6. ¶The record before us is clear that Christian had notice that Judge Olson was seeking sanctions in the form of attorney fees and costs. Judge Olson's attorney argued for sanctions against Christian personally at the close of the hearing and in two briefs and, indeed, Christian responded to that argument. Therefore, we reject Christian's argument that he did not have notice sanctions were being sought.

7. ¶ In addition, we reject Christian's argument that he was entitled to a hearing on the issue of whether sanctions were appropriate. We have held, as he contends, that district courts should give notice to show cause and hold a hearing before imposing Rule 11 sanctions in order to provide the party against whom sanctions are sought with due process and an opportunity to prepare its case against the imposition of sanctions. *See Lindey's, Inc. v. Goodover* (1994), 264 Mont. 489, 497, 872 P.2d 767, 772. Under a solely Rule 11 situation, this is an appropriate and necessary safeguard because the usual bases of a request for sanctions under the Rule--that is, for example, whether the pleading was well grounded in fact, warranted by law and not interposed for an improper purpose--ordinarily will not have been litigated in the underlying proceeding.

8. ¶In the case before us, however, Judge Sherlock's primary basis for the award of sanctions was § 3-1-805(1)(d), MCA. Moreover, given the purported factual basis of Christian's motion to disqualify and the transcript of the hearing on that motion, it is clear that all matters necessary and appropriate to resolving the question of whether sanctions should be awarded--as well as the parties' arguments about the imposition of sanctions--were before the District Court at the time of its Order.

9. ¶Judge Sherlock exercised his discretion under § 3-1-805(1)(d), MCA, which authorizes attorney fees and costs as sanctions against an attorney who files a proceeding to disqualify "without reasonable cause and thereby hinders, delays, or takes unconscionable advantage of any other party, or the court." In Judge Sherlock's view, "[t]here was no proper reason to bring this proceeding. Further, it appears that this whole proceeding has attempted to take an unconscionable advantage of Judge Olson to the advantage of Christian." The record before us supports Judge Sherlock's determinations and, Christian having advanced no persuasive argument to the contrary, we conclude Judge Sherlock did not abuse his

discretion in awarding sanctions under § 3-1-805(1)(d), MCA.

10. ¶There is merit, however, in Christian's argument that the District Court abused its discretion in entering Judgment awarding $2,903.14 in attorney fees and costs as a sanction without giving him an opportunity to challenge the amount of the fees and costs awarded. Christian does not challenge the timeliness of Judge Olson's counsel's Motion for Entry of Judgment in the amount of $2,903.14 and the related affidavit. Thus, we need not address the applicability of § 25-10-501, MCA, to the attorney fee portion of that motion. He does contend, however, that he was entitled to a reasonable opportunity to object to the amount stated in the motion, and we agree.

11. ¶Assuming *arguendo* the applicability of § 25-10-502, MCA, Christian had five days after notice of the filing of the motion for judgment and affidavit within which to object by filing a motion to tax costs. Here, the Motion for Entry of Judgment was filed and served on November 10, 1999, and the District Court granted the motion and entered Judgment for the requested amount on November 16, 1999. The day on which the motion was filed is disregarded, as are the intervening Saturday and Sunday, since the time for objecting was less than 11 days. *See* Rule 6(a), M.R. Civ.P. Under these time calculations and without any consideration of the 3-day "mail rule" provided in Rule 6(e), M.R.Civ.P., the fifth day on which Christian could have filed objections or a motion to tax costs would have been November 17, 1999. Under this scenario, Christian did not receive the time to which he was entitled to challenge the amount of the fees and costs.

12. ¶Alternatively, assuming *arguendo* that the Uniform District Court Rules were applicable, Christian had an even longer time--10 days--to respond to the Motion for Entry of Judgment. *See* Rule 2(a), Unif.D.Ct.R. He did not receive the benefit of this time frame either.

13. ¶We conclude that the District Court abused its discretion in entering Judgment in the amount of $2,903.14, with interest, without providing Christian an adequate opportunity to challenge the amount requested. As a result, it is necessary to remand this case for further proceedings on the amount of attorney fees and costs awarded.

14. ¶2. Should Judge Olson be awarded attorney fees under Rule 32, M.R.App.P., as a sanction against Christian for bringing a frivolous appeal?

15. ¶Judge Olson seeks damages pursuant to Rule 32, M.R.App.P., for having to defend against an appeal "taken without substantial or reasonable grounds[.]" Given our determination that this case must be remanded for further proceedings on the amount of the attorney fees and costs awarded, we conclude that Rule 32 is

inapplicable here and decline to award damages thereunder.

16. ¶Reversed in part and remanded to the District Court, and referred to this Court's Commission on Practice.

/S/ KARLA M. GRAY

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER