JUSTICE NELSON
dissents.
¶31 The Court’s Opinion is a study in contradiction. On the one hand, the Court pays lip service to the requirement for a due process hearing before imposition of a sanction under Rule 11, M.R.Civ.P. The Court also “recognizes” that Stipe’s counsel “could” have objected to the amount and reasonableness of the sanction and still preserve his objections to the sanction itself. However, even after giving Stipe’s counsel the “benefit of the doubt,” the Court simply concludes that counsel waived the Rule 11 due process hearing when he stipulated to vacate the evidentiary hearing on the amount and reasonableness of the sanction. I disagree.
¶32 First, as long as we are in the business of parsing the language in the various documents in the record, and, again, giving counsel the benefit of the doubt, I conclude that counsel did preserve his objection to the Rule 11 sanction being imposed, notwithstanding that he withdrew his objection to the lack of an evidentiary hearing on the amount and reasonableness of the attorney fees sanction. The latter is all that “Stipulation to Vacate May 6, 2004 Hearing on Award of Attorney Fees” covered. Counsel preserved his “other, legal objections to the Court’s award of attorney fees” in his “Notice of Withdrawal of Objection to Attorney Fees” filed May 4, 2004.
¶33 The point to be noted here is that the District Court erred in allowing all of the sturm und drang, as the Court puts it, in the first place. Before imposing a Rule 11 sanction, the court must, sua sponte, notice up a due process hearing and enter findings supporting the imposition of the sanction. That was never accomplished in this case. Our case law is clear.
¶34 We have repeatedly imposed on the trial court the requirement to conduct a due process hearing prior to the award of a Rule 11 sanction. Lindey’s, Inc. v. Goodover (1994), 264 Mont. 489, 872 P.2d 767, was the seminal case wherein we imposed this requirement. In that case we stated:
Respondents argue that Rule 11, M.R.Civ.P., contains no requirement that a trial court issue a separate and specific order to show cause, setting forth the specific questionable conduct, or affording an opportunity to be heard. In addition, respondents assert that the Montana Rules of Civil Procedure provided *330 appellant with adequate notice of the claimed violation and ample opportunity to consider the issue without any violation of appellant’s due process rights. Respondents argue that appellant had full notice that the District Court was required to impose sanctions should it determine that the facts constituted a violation of the rule.
This issue presents a case of first impression. We agree with appellant that it is entitled to notice and a hearing, and specifically, to know the basis upon which the District Court imposed sanctions.
Respondents rely on the language of Rule 11, M.R.Civ.P., and their pleadings wherein they raised the issue of whether appellant’s independent action had any factual or legal basis, and wherein they requested their costs and attorney fees, pursuant to Rule 11.
Although Montana’s Rule 11 does not state that a trial court must give notice to show cause and hold a hearing before imposing Rule 11 sanctions, we hold that a trial court should do so in order to provide the party with due process. The party should be afforded sufficient time in which to prepare its case against imposition of sanctions. In addition, a trial court should specify in its judgment or order upon which pleading(s), motion(s), or other paper(s) it bases imposition of Rule 11 sanctions.
Lindey’s, 264 Mont. at 497, 872 P.2d at 772.
¶35 We followed this rule in State v. Toole County (1996), 278 Mont. 253, 262-63, 924 P.2d 693, 698, and in Muri v. Frank, 2003 MT 316, ¶ 22, 318 Mont. 269, ¶ 22, 80 P.2d 77, ¶ 22.
¶36 In the case at bar, despite its obvious intention to sanction Stipe’s counsel for alleged discovery abuses, the District Court did not notice up a Rule 11 hearing, nor did it hold the hearing or make the requisite fin dings prior to imposing the sanction. Had the court done so, it is entirely likely that we would not now have to sort through the record and parse the language used by counsel in order to put our best spin on the proceedings and documents so as to preserve the trial court from error.
¶37 Moreover, in failing to follow our case law, the Court simply ignores the fact that the grounds for imposing the sanction and the amount and reasonableness of the sanction are discrete legal issues. These issues require different proof and involve different considerations.
¶38 As already noted in Lindey’s, the imposition of the sanction *331 involves due process considerations-notice and the opportunity to be heard and to offer proof that no sanction at all be imposed. The proof in this proceeding will consist of evidence directed at whether counsel did or did not, as a matter of fact, engage in conduct which was interposed for an improper purpose such as harassment, causing unnecessary delay or needless increase in the costs of litigation. Rule 11, M.R.Civ.P.
¶39 Once that bridge is crossed, and assuming the Court (a) determines that these Rule 11 criteria are proven and (b) makes the requisite findings to that effect, then the amount and reasonableness issue is reached. In the ordinary case, this latter issue will likely involve testimony from opposing counsel as to the attorney fees and costs incurred by his or her client as a result of the objectionable conduct, and it might involve third-party expert testimony as to the going rate of attorney fees vis-a-vis the nature and complexity of the work involved and result achieved.
¶40 It is undisputed that, here, there was no Rule 11 due process hearing. And, while counsel may have waived the second hearing-as to the amount and reasonableness of attorneys fees-the record is, at best, unclear whether counsel waived his right to contest the imposition of the sanction in the first place. Indeed, the record more likely reflects that he specifically preserved that objection.
¶41 I would reverse and remand for a Rule 11 due process hearing.
¶42 I dissent from our failure to so hold.
CHIEF JUSTICE GRAY and JUSTICE RICE join in the dissents of JUSTICE NELSON.