# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CATLIN SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C.A. No. N16C-07-166 PRW CCLD |
| CBL & ASSOCIATES PROPERTIES, INC., CBL & ASSOCIATES LIMITED PARTNERSHIP, CBL & ASSOCIATES MANAGEMENT, INC., and JG GULF COAST TOWN CENTER, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Submitted: June 3, 2018
Decided: August 9, 2018

*Upon Plaintiff Catlin Specialty Insurance Company's*
*Motion for Supplementary Relief,*
**GRANTED.**

## MEMORANDUM OPINION AND ORDER

Emily K. Silverstein, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly P.C., Wilmington, Delaware, Louis H. Kozloff, Esquire (*pro hac vice*) (argued), Goldberg Segalla LLP, Philadelphia, Pennsylvania, Attorneys for Plaintiff.

John A. Sensing, Esquire, Potter Anderson & Corroon LLP, Wilmington, Delaware, Alan E. Popkin, Esquire (*pro hac vice*), David W. Sobelman, Esquire (*pro hac vice*), Melissa Z. Baris, Esquire (*pro hac vice*), Husch Blackwell LLP, St. Louis, Missouri, Attorneys for Defendants.

**WALLACE, J.**

## I. INTRODUCTION

After prevailing, in part, on its earlier Motion for Judgment on the Pleadings against defendants CBL & Associates Properties, Inc., CBL & Associates Limited Partnership, CBL & Associates Management, Inc., and JG Gulf Coast Town Center, LLC ("GCTC") (collectively, "CBL Defendants"), Catlin Specialty Insurance Company ("Catlin") now moves to collect on its win through this Motion for Supplementary Relief. Catlin seeks a reimbursement of claims expenses distributed to CBL Defendants on the underlying Florida federal suit, as well as prejudgment interest on that amount.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Catlin, an insurer, initially sought a declaratory judgment determining whether it had a duty to defend or indemnify CBL Defendants under a Contractor's Protective, Professional, and Pollution Liability Insurance Policy (the "Policy"). CBL Defendants sought coverage through the Policy for an underlying class action lawsuit brought in the United States District Court for the Middle District of Florida (the "Underlying Action").[1]

Catlin first denied CBL Defendants coverage. After an amended complaint was filed in the Underlying Action, however, Catlin agreed to advance defense costs

---

[1]     *Catlin Specialty Ins. Co. v. CBL & Assocs. Properties, Inc.*, 2017 WL 4784432, at *1 (Del. Super. Ct. Sept. 20, 2017).

for CBL Defendants. The agreement letter sent told CBL Defendants that Catlin would:

> provide a defense to CBL [Defendants] under a full and complete reservation of rights. Specifically, Catlin reserves the right to bring a declaratory judgment action in court against the CBL [Defendants] to obtain a judicial determination of Catlin's rights and obligations under the policy, including a determination of whether Catlin has a duty to defend and/or indemnify the CBL [Defendants] in the [Underlying Action]. In the event that it is determined that Catlin does not have a duty to defend the CBL [Defendants] in the [Underlying Action], Catlin reserves the right to be reimbursed by the CBL [Defendants] for all Claim Expenses Catlin paid in connection with the [Underlying Action].[2]

This Court found in Catlin's favor on the duty to defend–"Because the only reasonable interpretation of the allegations in the Underlying Action sound in intentional conduct, and the Policy does not cover such acts," Catlin had no duty to defend CBL Defendants.[3]

Although Catlin also requested a declaratory judgment finding that CBL Defendants would be, or had been, unjustly enriched by Catlin's defense in the Underlying Action, this Court did not rule on that issue at the time–"Because the

---

[2]     Catlin Specialty Ins. Co.'s Mot. for Suppl. Relief, *Catlin Specialty Ins. Co. v. CBL & Assocs. Properties, Inc.*, C.A. No. N16C-07-166 PRW [CCLD], Ex. A, at 2 (Del. Super. Ct. Nov. 8, 2017) (hereinafter "Pl.'s Mot.").

[3]     *Catlin*, 2017 WL 4784432, at *10.

Court would [have] be[en] required to consider matters outside the pleadings, the Court [could] []not rule on Catlin's unjust enrichment claim [t]here."[4]

Catlin now moves for supplementary relief "in the form of an order requiring [CBL] Defendants to reimburse Catlin for defense costs Catlin paid, under a reservation of rights, on [CBL] Defendants' behalf in [the Underlying Action] because the Court has determined that Catlin had no duty to defend [CBL] Defendants in that litigation."[5]

## IV. STANDARD OF REVIEW

Catlin moves for this reimbursement via § 6508 of Delaware's Declaratory Judgments Act (the "DJA"), under which "[f]urther relief based on a declaratory judgment or decree may be granted whenever necessary or proper."[6] Section 6508–our DJA's supplemental relief provision–is "used to grant additional relief after a declaratory judgment or decree has been rendered."[7] It was adopted here in 1981 from the Uniform Declaratory Judgment Act.[8] Sister state courts interpreting identical provisions adopted under the same uniform Act have found

---

[4]    *Catlin*, 2017 WL 4784432, at *3, n.41.

[5]    Pl.'s Mot. at 1.

[6]    DEL. CODE ANN. tit. 10, § 6508 (2018).

[7]    *Cont'l Ins. Co. v. Ventresca*, 1993 WL 19655, at *1 (Del. Super. Ct. Jan. 7, 1993).

[8]    *Schick Inc. v. Amalgamated Clothing & Textile Workers Union*, 533 A.2d 1235, 1238 (Del. Ch. 1987).

that supplemental relief granted thereunder "should be designed to provide complete relief to the parties, which may include a monetary judgment or coercive relief or both"; and, "[i]n fashioning the remedy, the court is not bound by the relief requested in the complaint but may order any relief needed to effectuate the judgment."[9]

## V. DISCUSSION

So, the question posed to the Court is whether a grant of reimbursement of Catlin's expended defense costs is necessary *or* proper. The Court finds that even if not the former, it certainly is the latter.

### A. SUPPLEMENTARY RELIEF: CLAIMS EXPENSES

Catlin says that under Tennessee law,[10] it is entitled to reimbursement for providing a defense to CBL Defendants, because: (1) it initially reserved its right to reimbursement in its letter notifying CBL Defendants of its intent to defend them; and (2) CBL Defendants accepted the defense under that reservation of rights.[11] CBL Defendants counter that Catlin's reimbursement claim requires a threshold

---

[9]   *Goodover v. Lindey's, Inc.*, 802 P.2d 1258, 1260 (Mont. 1990); *Dry Canyon Farms, Inc. v. U.S. Nat. Bank of Oregon*, 772 P.2d 1343, 1345 (Or. Ct. App. 1989). *See also Thomas v. Cilbe, Inc.*, 104 So.2d 397, 401 (Fla. Dist. Ct. App. 1958).

[10]   *Catlin*, 2017 WL 4784432, at *5 ("Tennessee's is the law to apply to this case.").

[11]   Pl.'s Mot. ¶¶ 5–7.

showing that CBL Defendants were unjustly enriched by the defense, which showing Catlin cannot make.[12]

Catlin relies on an Eastern District of Tennessee case, *Cincinnati Ins. Co. v. Grand Pointe, LLC*.[13] In *Grand Pointe*, the court framed the issue as a question of whether an insurer may "seek reimbursement from an insured for defense costs and settlement funds paid on behalf of the insured when it is subsequently determined the insurer owed no duty to defend or indemnify the insured, and the insurance policy does not expressly provide for a right of reimbursement[.]" Because Tennessee appellate courts had not addressed the question before, the insurer argued that the federal district court should adopt the majority position—permitting reimbursement "when it is determined the insurer has no duty to defend or indemnify, the policy does not contain an express provision regarding reimbursement, and the insurer timely reserves its right to reimbursement in a specific and adequate notice"[14]— while the insured argued in favor of the minority position, prohibiting reimbursement unless the policy expressly provides for it.[15] The majority approach

---

[12]     Def.'s Opp. to Catlin Specialty Ins. Co.'s Mot. for Suppl. Relief, *Catlin Specialty Ins. Co. v. CBL & Assocs. Properties, Inc.*, C.A. No. N16C-07-166 PRW [CCLD], at 1 (Del. Super. Ct. Nov. 29, 2017) (hereinafter "Def.'s Resp.").

[13]     Pl.'s Mot. ¶ 5 (citing *Cincinnati Ins. Co. v. Grand Pointe, LLC*, 501 F. Supp. 2d 1145 (E.D. Tenn. 2007)).

[14]     *Grand Pointe*, 501 F. Supp. 2d at 1161.

[15]     *Id.* at 1160.

-5-

had been embraced by the Sixth Circuit as well as Florida, Guam, Arkansas, and California courts; the minority view was favored by Illinois, Wyoming, and Texas courts.

The *Grand Pointe* court ultimately followed the majority, grounding its holding on past Tennessee case precedent on similar, though not identical, issues.[16] The court ruled that the insurer gave timely and adequate notice of its reservation of right to seek reimbursement, and that such notice established a quasi-contract implied in law.[17] The court observed that "[f]or almost six months" after being notified that the insurer intended to reserve its rights, the insured "did not opt to utilize any alternative to acceptance of [the insurer's] offer of a defense in the [u]nderlying [l]itigation subject to its reservation of rights."[18] The court held that "[g]iven this Court's determination that [the insurer] had no duty to defend . . . with regard to the claims asserted in the [u]nderlying [l]itigation . . . the evidence before the Court establishes [that the insurer] has a right to reimbursement under a quasi-contract theory of unjust enrichment,"[19] and, further, that it would be "inequitable

---

[16]    *Grand Pointe,* 501 F. Supp. 2d at 1168.

[17]    *Id.*

[18]    *Id.*

[19]    *Id.* at 1169.

for [the insured] to retain the benefits of the defense without repayment of the defense costs."[20] "[The insured] received the benefit of a defense they were not paying for, . . . knew they were receiving a defense they were not funding, and . . . were aware from [the insurer's] reservation-of-rights letter that [the insurer] claimed a right to reimbursement if it was determined [the insurer] owed no duty to defend."[21]

CBL Defendants argue that the decade-old *Grand Pointe* decision does not reflect the more recent trend away from the then-majority position.[22] True, most recently, the American Law Institute has revised its Restatement of the Law on Liability Insurance to reflect such a shift.[23] But just as Tennessee state courts had never before directly spoken on this reimbursement issue, they have also not yet adopted the new Restatement's rule. Moreover, the Restatements are mere

---

[20] *Grand Pointe*, 501 F. Supp. 2d at 1169.

[21] *Id.*

[22] This trend is discussed in-depth in *Nat'l Sur. Corp. v. Immunex Corp.*, which describes courts as moving away from awarding reimbursement costs "unless an agreement to the contrary is found in the policy[.]" 297 P.3d 688, 693 (Wash. 2013) (quoting *Shoshone First Bank v. Pac. Employers Ins. Co.*, 2 P.3d 510, 514 (Wy. 2000)). Washington, Arkansas, and the Eighth Circuit have declined to follow *Grand Pointe*. *See Nat'l Sur. Corp.*, 297 P.3d at 693; *Westchester Fire Ins. Co. v. Wallerich*, 563 F.3d 707, 719 (8th Cir. 2009) (acknowledging a different factual record, but holding that "although Minnesota appellate courts have not announced whether they would permit a right of reimbursement, we find the most recent state and federal court decisions' adoption of the minority position more persuasive . . . . [The insurer] could have included in the policy an express provision for such reimbursement."); *Med. Liab. Mut. Ins. Co. v. Alan Curtis Enters., Inc.*, 285 S.W.3d 233, 235 (Ark. 2008) (but finding that the Court need not consider the majority or minority approach, as "we have stated on numerous occasions that attorneys' fees are not allowed in Arkansas except where *expressly* provided for by *statute*.") (emphasis original).

[23] RESTATEMENT OF THE LAW OF LIABILITY INSURANCE § 21 (2017).

persuasive authority until adopted by a court; they never, by mere issuance, override controlling case law. And this Restatement itself acknowledges that "[s]ome courts follow the contrary rule[.]"[24]

Both parties agree that no Tennessee court has faced this issue since *Grand Pointe*.[25] That federal district court case, therefore, remains the only authority to divine Tennessee law thereon. And this Court believes that court got it right.

### Under Grand Pointe *and* Tennessee Law, *Catlin Establishes Its Right to Reimbursement*

A Tennessee court can impose a quasi-contract or "a contract implied in law where no contract exists under various quasi contractual theories, including unjust enrichment."[26] CBL Defendants argue that Catlin must, but cannot, establish the elements of an unjust enrichment claim, because Catlin's defense inured to its own benefit by "acknowledg[ing] the risk of an adverse coverage decision."[27] Catlin

---

[24] RESTATEMENT OF THE LAW OF LIABILITY INSURANCE § 21, Reporters' Note (a) (2017). For example, Delaware is among the states that permit recovery of claim expenses. *See Nationwide Mut. Ins. Co. v. Flagg*, 789 A.2d 586, 597 (Del. Super. Ct. 2001) (holding that the insurer "has as a duty to defend on all claims, but it may seek reimbursement from [the insured] of those expenses, costs or fees incurred by providing his defense on those claims which may be proven later to fall outside the policy coverage."). *See also First Fed. Sav. & Loan Ass'n of Fargo, N.D. v. Transamerica Title Ins. Co.*, 793 F.Supp. 265, 269 (D. Colo. 1992) ("An insurance company may also reserve its right to deny its duty to defend and later recover for any attorney fees paid.").

[25] Catlin Specialty Ins. Co.'s Reply in Further Support of its Mot. for Suppl. Relief, *Catlin Specialty Ins. Co. v. CBL & Assocs. Properties, Inc.*, C.A. No. N16C-07-166 PRW [CCLD], at 1 (Del. Super. Ct. Dec. 11, 2017) (hereinafter "Pl.'s Reply."); Def.'s Resp. at 2.

[26] *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 524–25 (Tenn. 2005).

[27] Def.'s Resp. at 6.

counters that if unjust enrichment must be found, it was in *Grand Pointe* on facts very similar to those here.[28]

Unjust enrichment under Tennessee law requires a showing of: (1) "[a] benefit conferred upon the defendant by the plaintiff;" (2) "appreciation by the defendant of such benefit;" and (3) "acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof."[29] And the Tennessee Supreme Court has long and consistently instructed that "the most significant requirement"[30] for the establishment of a quasi-contract on grounds of unjust enrichment "is that the benefit to the defendant be unjust."[31] So, unsurprisingly, the *Grand Pointe* court, applying Tennessee law, found that an insurer's reservation-of-rights letter "establish[es] a quasi-contract implied, at least, in law."[32]

---

[28]  Pl.'s Reply at 2–6.

[29]  *Freeman Indus.*, 172 S.W.3d at 525.

[30]  *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966).

[31]  *Freeman Indus.*, 172 S.W.3d at 525 ("The most significant requirement of an unjust enrichment claim is that the benefit to the defendant be unjust."); *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998) ("This Court has previously stated that the . . . most significant requirement for a recovery on quasi contract is that the enrichment be unjust.") (internal quotations omitted); *Paschall's, Inc.*, 407 S.W.2d at 155 ("The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust.").

[32]  *Grand Pointe*, 501 F. Supp. 2d at 1168.

But CBL Defendants argue that there can be no unjust enrichment, because Catlin offered to defend CBL Defendants in its own interest, and the Tennessee Court of Appeals has ruled that the existence of "any consideration [ ] negate[s] a finding of unjust enrichment."[33] CBL Defendants propose that Catlin's payment of the claim expenses constitutes a benefit in the form of protection against the risk of an "adverse coverage decision,"[34] precluding any finding of unjust enrichment.

Although *Grand Pointe* does not expressly address the issue, the *Grand Pointe* court cites to *United Nat'l Ins. Co. v. SST Fitness Corp.*,[35] where the Sixth Circuit considered the possibility of a similar benefit to the insurer but ultimately rejected that theoretical "consideration."[36] In *United Nat'l Ins. Co.*, the defendant-insured "contend[ed] that an insurer benefits from defense under a reservation of rights because the insurer avoids a claim for bad faith."[37]

---

[33] *Patterson v. Patterson*, 2017 WL 1433310, at *12 (Tenn. Ct. App. Apr. 20, 2017) (internal quotation marks omitted).

[34] Def.'s Resp. at 6.

[35] 309 F.3d 914 (6th Cir. 2002).

[36] *Grand Pointe*, 501 F. Supp. 2d at 1161.

[37] *United Nat'l Ins. Co.*, 309 F.3d at 921.

No, said the Sixth Circuit:

> When an insurer conditions payment of defense costs on the condition of reimbursement if the insurer had no duty to defend, the condition becomes part of an implied in fact contract when the insured accepts payment. When faced with a reservation of rights, the insured can choose to: 1) decline the offer, pay for the defense, and seek to recover on the policy; 2) decline the offer and file a declaratory judgment action; or 3) accept the offer subject to the reservation of rights.[38]

Here, as in *United Nat'l Ins. Co.* and *Grand Pointe*, Catlin sent a timely and explicit reservation-of-rights letter to CBL Defendants. It told them that "Catlin agrees to provide a defense . . . subject to a full and complete reservation of its rights under the Policy and at law and without waiving Catlin's position that the Policy does not provide coverage for the [Underlying] Action."[39] The letter was sent on July 19, 2016.[40] Catlin brought an action seeking declaratory judgment regarding its duty to defend the very next day.[41] At no point did CBL Defendants object to the

---

[38] *United Nat'l Ins. Co.*, 309 F.3d at 921.

[39] Pl.'s Mot., Ex. A at 9.

[40] *See id.*

[41] *See* Compl.

terms of the reservation-of-rights letter.[42] Catlin then disbursed payments in March and July of 2017, totaling $628,794.67.[43]

Under *Grand Pointe* and applicable Tennessee law, this formed a quasi-contract or a contract implied in law based on unjust enrichment. Catlin conferred the benefit of a defense subject to a reservation of rights; CBL Defendants accepted such a defense; and it would be inequitable for CBL Defendants to retain the benefit of the defense without payment of its value.

Therefore, Catlin's Motion for Supplementary Relief is **GRANTED** and CBL Defendants must reimburse Catlin for the $628,794.67[44] paid to CBL Defendants in claims expenses.

## B. SUPPLEMENTARY RELIEF: PREJUDGMENT INTEREST

Catlin contends that it is entitled to prejudgment interest on the amount it paid in claims expenses to CBL Defendants.[45] CBL Defendants argue that this Court

---

[42] CBL Defendants say their objection was clear in the pleadings to Catlin's declaratory judgment action. Def.'s Resp. at 10. But CBL Defendants accepted the money Catlin paid on the defense, just like the defendant-insured in *Grand Pointe*. *Grand Pointe*, 501 F. Supp. 2d at 1169 ("[the insured] accepted [the insurer's] offer of a defense subject to a reservation of rights by allowing [the insurer] to fund the continuing defense."). And just like the defendant-insured there, here "[d]efendants have presented no evidence they told [the insurer] to cease payment of defense costs or told [the insurer] to make an election as to whether to defend under a reservation of rights or refuse to defend." *Id.*

[43] Pl.'s Mot. ¶ 8.

[44] *Id.*

[45] *Id.* at ¶ 13.

should exercise the discretion permitted to it under the law and refuse such an award.[46]

"The recovery of prejudgment interest in Delaware is a matter of substantive law."[47] Tennessee's trial courts are permitted "considerable discretion when determining whether to award prejudgment interest."[48] "Fairness will, in almost all cases, require that a successful plaintiff be fully compensated by the defendant for all losses caused by the defendant, including the loss of use of money the plaintiff should have received,"[49] or, more appropriately, in this case, retained. Tennessee awards prejudgment interest on the basis of equitable factors, and has stated that where the amount of an obligation is certain, that fact tends to support an award of prejudgment interest.[50] Tennessee statutory law provides that "[i]nterest shall be

---

[46]  Def.'s Resp. at 12.

[47]  *Cooper v. Ross & Roberts, Inc.,* 505 A.2d 1305, 1307 (Del. Super. Ct. 1986). *See also* TENN. CODE ANN. § 47-14-123 (2018) ("Prejudgment interest, i.e., interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum; provided, that with respect to contracts subject to § 47-14-103, the maximum effective rates of prejudgment interest so awarded shall be the same as set by that section for the particular category of transaction involved.").

[48]  *Poole v. Union Planters Bank, N.A.,* 337 S.W.3d 771, 790 (Tenn. Ct. App. 2010).

[49]  *Scholz v. S.B. Int'l, Inc.,* 40 S.W.3d 78, 83 (Tenn. Ct. App. 2000).

[50]  *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 928 (Tenn. 1998).

computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial."[51]

CBL Defendants contend that the obligation to pay did not arise until September 20, 2017, when this Court found that Catlin had no duty to defend.[52] This position comports with the Tennessee statute as well as the holding in *Grand Pointe*, which stated "[o]nly after it was determined [the insurer] had no duty to defend or indemnify the [d]efendants, did [the insurer] actually suffer a loss of the use of its funds."[53]

Catlin's request for prejudgment interest is **GRANTED**. The amount of interest should be calculated from September 20, 2017, the date when this Court determined that Catlin had no duty to defend.

## VI. CONCLUSION

Under Tennessee law, an insurer may seek reimbursement of costs after a determination that it had no duty to defend, as long as the insurer sent a timely and explicit notice of its reservation of rights to reimbursement. While CBL Defendants suggest that this position has lost favor in recent years, relevant case law on

---

[51] TENN. CODE ANN. § 47-14-122 (2018).

[52] Def.'s Resp. at 12.

[53] *Grand Pointe,* 501 F. Supp. 2d at 1174.

Tennessee's practice has not been overturned, and persuasive authority from the Sixth Circuit still favors reimbursement.

This Court therefore **GRANTS** Catlin the supplementary relief it requests, with prejudgment interest calculated from the date it was determined that Catlin had no duty to defend CBL Defendants in the Underlying Action.

**IT IS SO ORDERED.**

**Paul R. Wallace, Judge**