No. 03-364

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 316

RONALD MURI,

        Plaintiff, Counter-defendant
          and Respondent,

   v.

GEORGE FRANK and JUDY FRANK;
TRIANGLE MANAGEMENT CORPORATION;
CORNER POCKETS OF AMERICA, INC.,
A Montana Corporation,

        Defendants, Counter-claimants
          and Appellants.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                  In and for the County of Yellowstone, Cause No. DV 98-65
                  The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                Rodd A. Hamman; Carlton, Hamman & Wolff, Billings, Montana

        For Respondent:

                Jon E. Doak; Doak & Associates, Billings, Montana

                        Submitted on Briefs:  September 4, 2003

                              Decided:  November 18, 2003

Filed:

_____
                        Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    In the order from which this appeal is taken, the Thirteenth Judicial District Court, Yellowstone County, denied a motion by George and Judy Frank, Triangle Management Corporation and Corner Pockets of America, Inc. (collectively, the Franks), to amend its February 17, 2001 judgment. The Franks appeal. We reverse and remand.

¶2    We address the following issues:

¶3    1. Did the District Court err in denying the Franks' motion to amend the judgment on remand?

¶4    2. Did the District Court err in denying the Franks' claim for costs of the first appeal?

¶5    3. Should Rule 11, M.R.Civ.P., sanctions be imposed against Ronald Muri?

¶6    The Franks own Lots 1 through 4, and Ronald Muri owns Lots 5 thru 8, in Block 1 of the McCallie Subdivision in Billings, Montana. Muri claims a parking easement on part of the Franks' property. After a bench trial, the court concluded Muri held a 75-foot-wide parking easement located solely on Lot 4. Muri moved for modification or clarification of the judgment, and the trial court entered an amended judgment adding the "westerly 10 feet of Lot 3" to its description of Muri's parking easement. The Franks moved for relief from the amended judgment and, when the court denied that motion, they appealed. *See Muri v. Frank*, 2001 MT 29, 304 Mont. 171, 18 P.3d 1022 (*Muri I*).

¶7    Our decision in *Muri I* was based in part on the court's finding in its original judgment that a certain agreement between the parties "correctly identifies the easement as being over Lot 4, but erroneously included the westerly ten feet of Lot 3." Muri neither moved to

2

amend that finding nor appealed it. We determined that, by later adding the "westerly 10 feet of Lot 3" to Muri's easement in the amended judgment, the District Court made a clerical mistake which misrepresented its original intent. Because the portion of the amended judgment adding the westerly 10 feet of Lot 3 to the easement conflicted with the unchallenged findings, we held the court abused its discretion in denying the Franks' motion for relief from the amended judgment and we remanded for further proceedings consistent with our opinion. *Muri I*, ¶¶ 13-15.

¶8     On remand, the Franks asked the District Court to remove the encumbrance on Lot 3 and award them their costs on appeal. Muri opposed both requests, renewing his argument --previously made to and rejected by this Court in *Muri I*--that the amendment adding the encumbrance on Lot 3 was a judicial decision. He requested that the court refuse to correct its amended judgment and deny an award of costs from the first appeal to the Franks.

¶9     The District Court denied the Franks' requests and granted Muri's, stating the issue of Muri's easement over the westerly 10 feet of Lot 3 was in dispute through the entire trial and its amended judgment was a judicial decision, not a clerical error. The court stated it had "intentionally included the westerly 10 feet of Lot 3 in the area covered by Plaintiff Muri's parking easement" in its amended judgment. The Franks appeal.

ISSUE 1

¶10     Did the District Court err in denying the Franks' motion to amend the judgment?

¶11     The Franks contend the District Court's denial of their motion to amend the judgment on remand was error under the doctrine of law of the case. Under that doctrine, a prior

3

decision of this Court resolving an issue between the same parties is binding and may not be relitigated. Like *res judicata*, the doctrine of law of the case is based on policies of judicial economy and finality of judgments. *State v. Gilder*, 2001 MT 121, ¶¶ 9-10, 305 Mont. 362, ¶¶ 9-10, 28 P.3d 488, ¶¶ 9-10 (citations omitted).

¶12 In *Muri I*, we determined that by adding the westerly 10 feet of Lot 3 to its description of Muri's parking easement in its amended judgment, the District Court made a clerical mistake which misrepresented its original intent. *Muri I*, ¶ 13. Consequently, that determination, right or wrong, became the law of the case which must be adhered to in further proceedings in the trial court and any subsequent appeal. *See Scott v. Scott* (1997), 283 Mont. 169, 175-76, 939 P.2d 998, 1001-02 (citations omitted).

¶13 Muri cites to *Zavarelli v. Might* (1989), 239 Mont. 120, 779 P.2d 489, for the proposition that the law of the case doctrine applies to questions of law, not questions of fact. He contends neither *Muri I* nor the law of the case doctrine prohibited the District Court, on remand, from either (1) clarifying that its inclusion of the ten feet on Lot 3 in its amended judgment was an intended matter of fact, or (2) revisiting the facts already submitted in evidence, determining its findings which conflict with the challenged parts of the amended judgment were wrong and concluding, based on revised findings and conclusions, that the challenged provision of the judgment is correct on the basis of applicable law and the evidence.

¶14 In *Zavarelli*, 239 Mont. at 125, 779 P.2d at 493, we concluded the trial court was precluded from making conclusions of law on remand which conflicted with this Court's

decision, but was not precluded from reaching a different conclusion of law based on the facts it had already found. *Zavarelli* does not, however, authorize a trial court to ignore a decision from this Court by making new findings of fact which conflict with its prior unchallenged findings upon which this Court's prior decision was based.

¶15 Here, because Muri did not appeal the findings upon which we relied in reaching our decision in *Muri I*, the District Court had no authority to reconsider the findings on remand. As a result, the court's denial of the Franks' motion to amend the previously amended judgment to comport with *Muri I* was error.

¶16 We hold the District Court erred in denying the Franks' motion to amend.

## ISSUE 2

¶17 Did the District Court err in denying the Franks' claim for costs of the first appeal?

¶18 The Franks contend the District Court abused its discretion when it refused to award them their costs of the first appeal. They point out that, as the prevailing party and absent other directions in our opinion, they were entitled to their costs as a matter of law. *See* Rule 33(a), M.R.App.P. Muri concedes the Franks "may be" entitled to their costs on the first appeal.

¶19 Rule 33(a), M.R.App.P., clearly controls and entitles the Franks to their costs for the first appeal. We hold the District Court abused its discretion in failing to award the Franks their reasonable costs for that appeal.

## ISSUE 3

¶20 Should Rule 11, M.R.Civ.P., sanctions be imposed against Muri?

¶21 Rule 11, M.R.Civ.P., allows a trial court to impose sanctions on the signer of a pleading, motion or other paper which is not well grounded in fact or warranted by law, or which the signer has interposed for an improper purpose such as harassment, delay or increase in the cost of litigation. The Franks contend Muri's actions on remand--urging the District Court to "reverse" our decision that the encumbrance on Lot 3 was a clerical mistake and to deny the Franks' costs incurred in *Muri I*--violated Rule 11, M.R.Civ.P.

¶22 We have stated that, before a district court may impose sanctions pursuant to Rule 11, M.R.Civ.P., it must conduct a hearing. *See State ex rel. Lovins v. Toole County* (1996), 278 Mont. 253, 263, 924 P.2d 693, 698 (quoting *Lindey's, Inc. v. Goodover* (1994), 264 Mont. 489, 497, 872 P.2d 767, 772). As an appellate court, we are not structured to hold such a hearing. Moreover, our direct authority to sanction for an appeal without merit arises under Rule 32, M.R.App.P. In any event, sanctions are proper only where a suit is totally frivolous or appears to have been brought for an improper purpose. *See Smith v. Barrett* (1990), 242 Mont. 37, 43, 788 P.2d 324, 328. Given the District Court's adoption of Muri's arguments on remand, neither can be said here. Nor is there any indication Muri has acted in bad faith. We decline to award sanctions.

¶23 Reversed and remanded for further proceedings consistent with this Opinion.

/S/ KARLA M. GRAY

We concur:

6

/S/ JIM RICE
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM REGNIER