No. 04-366

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 295

_____

VERNON C. STIPE, MARVIN W. STIPE,
and DOUGLASS M. STIPE,

      Plaintiffs and Appellants,

  v.

FIRST INTERSTATE BANK OF POLSON,

      Defendant and Respondent.

_____

APPEAL FROM:    District Court of the Twentieth Judicial District,
                    In and for the County of Lake, Cause No. DV 02-197
                    The Honorable Deborah Kim Christopher, Judge presiding.


COUNSEL OF RECORD:

      For Appellants:

            Quintin M. Rhoades, Sullivan Tabaracci & Rhoades, P.C., Missoula,
            Montana

      For Respondent:

            Dean A. Stensland, Scott M. Stearns, Boone Karlberg, P.C., Missoula,
            Montana

_____

Submitted on Briefs: October 25, 2005

Decided: November 23, 2005

Filed:

_____

Justice John Warner delivered the Opinion of the Court.

¶1     Vernon Stipe, Marvin Stipe, and Douglass Stipe (collectively Stipes) appeal from an order entered July 8, 2003, awarding Defendant and Respondent First Interstate Bank of Polson (FIB) attorney fees and costs as a sanction because it was required to defend against discovery abuses by Stipes and their counsel.

¶2     Stipes raise several issues on appeal, including this Court=s jurisdiction to hear it, the timeliness of the appeal, and the merits of the award of attorney fees.  However, all but one of these issues was decided on a motion to dismiss this appeal.  By order issued on July 7, 2004, the Court concluded that the only issue properly before us on this appeal is the basis of the award of attorney fees against Stipes.  Therefore, we restate the issues before us as follows:

¶3     1.  Did the District Court err in granting FIB attorney fees as a sanction against Stipes without a specific hearing for this purpose?

¶4     2.  Is there an adequate basis for the award of Rule 11, M.R.Civ.P., sanctions against Stipes?

¶5     We affirm.

¶6     This action was filed in December of 2002.  No decision on the merits of Stipes= claims has been made, and the process has clearly been delayed further by this appeal. Stipes= complaint alleges FIB maliciously foreclosed a security interest on some of their ranch property.  Stipes also allege that FIB intentionally inflicted emotional distress upon them.   In its various orders throughout this litigation the District Court has found numerous facts, most of which are uncontested.  The essential facts relevant to this appeal

2

are stated below.

¶7 During the course of its factual investigation FIB met with a potential witness, Lisa Stipe. Ms. Stipe was in the process of dissolving her marriage to Plaintiff Marvin Stipe. Upon learning of the meeting between Lisa Stipe and FIB=s counsel, all of the Stipes refused to attend scheduled depositions. In conjunction with their refusal Stipes filed a motion for a protective order barring FIB from further communications with Lisa Stipe. FIB then filed a motion to compel discovery and a brief in support of its motion seeking an award of its costs and attorney fees for being forced to secure a court order to take the depositions of Vernon Stipe and Marvin Stipe. FIB also sought costs associated with noticing and preparing for the depositions when the deponents failed to attend.

¶8 On June 6, 2003, the District Court entered its order holding that there was no violation of the spousal privilege by counsel for FIB, denying FIB=s motion to compel and Stipes= motion for protective order, and ordering the parties to immediately proceed with discovery.

¶9 On June 12, 2003, FIB filed notices of depositions of Vernon Stipe and Douglass Stipe for June 25, 2003, and Martin Stipe for July 2, 2003. On June 12, 2003, Stipes moved for an injunction halting discovery, and also sought removal of FIB=s counsel for allegedly violating the spousal privilege. The basis for this motion was the same meeting between Lisa Stipes and FIB=s counsel that the District Court had already ruled was not improper. At a hearing on June 19, 2003, the District Court denied Stipes' injunction application. The District Court also requested at the hearing that counsel for FIB submit an affidavit stating his attorney fees in responding to the motion. However, the judge

3

said that attorney fees might be suspended if the litigation made progress. Counsel for FIB, as ordered, filed an affidavit on July 2, 2003, claiming fees in the amount of $11,741.

¶10 On June 23, 2003, Stipes filed a Notice of Appeal from the District Court=s denial of their injunction request. This Afirst appeal@ was from the Order entered on June 19, 2003, denying Plaintiffs= application for preliminary and final injunction. Stipes then unilaterally decided not to appear for their depositions scheduled for June 25, 2003, and July 2, 2003.

¶11 On July 8, 2003, the District Court entered a written order containing its reasoning for denying the application for injunctive relief. This order also awarded FIB attorney fees in the amount of $11,741 for abuse of the discovery process. The reasons for the award of attorney fees were set out in some detail, along with a statement of the reasons for the sanction, and a cogent legal analysis. The District Court, while it set an amount for the sanction, offered Stipes the opportunity to object to the amount.

¶12 On July 17, 2003, Stipes filed an objection to the amount of the attorney fee award. The objection was filed along with an extensive brief. Counsel for Stipes argued that the fee award was too large, that the determination of the amount of a reasonable fee required an evidentiary hearing, that fees should not be awarded based on what had occurred, and that the District Court did not have jurisdiction to award fees because Stipes had appealed. Counsel for Stipes reiterated in some detail what had occurred and argued from these facts that the sanction was not justified. However, at no time was the argument made to the District Court that the sanction was improper because there had

4

been no hearing at which a defense to the award could be made. FIB moved to strike Stipe=s objection to the award of attorney fees, and that was briefed. The District Court, recognizing that Stipes had a right to a hearing on the award of fees and that the case was on appeal to this Court, stayed the hearing pending resolution of the first appeal.

¶13 On December 3, 2003, Stipes moved to voluntarily dismiss the first appeal. FIB consented, and on December 11, 2003, this Court entered an order dismissing the first appeal. The case was then returned to the District Court.

¶14 Suffice it to say that there was substantial further litigation and discovery on the amount of attorney fees that should be awarded. However, the District Court steadfastly held to its order that Stipes were entitled to a hearing on the amount of reasonable attorney fees. Stipes did not argue to the District Court that the award of fees could not be sustained because no hearing had been conducted wherein they could present a defense to the sanction itself. Then, finally, after the District Court had scheduled and re-scheduled a hearing on the amount of the fees, the hearing was set for May 6, 2004. But Stipes moved to postpone the hearing yet again. FIB objected.

¶15 On May 4, 2004, Stipes' counsel signed a document entitled "Notice of Withdrawal of Objection to Attorney Fees," and filed it May 5, 2004, the day before the scheduled hearing. This notice stated that Stipes withdrew their objection to the amount of the fees, but "continue[d] to assert their other, legal objections to the Court=s award of attorney fees." It is this withdrawal that is described in this Court=s order of July 7, 2004, wherein we denied FIB=s motion to dismiss this appeal.

¶16 After the withdrawal of the objection filed on May 5, 2004, counsel for Stipes and

5

FIB entered a separate stipulation, which was dated May 5, 2004, and filed May 6, 2004, to vacate the May 6 hearing on the attorney fee sanction. In this stipulation it was agreed that the hearing should be vacated, the amount of the attorney fee award was reasonable, and further that "Plaintiffs [Stipes] agree[d] to waive their right to object to the lack of an evidentiary hearing regarding the award of attorney fees and costs." That same day, the District Court denied the motion to continue the hearing, but also vacated the hearing based on the notice of withdrawal of the objection.

¶17 On May 12, 2004, Stipes filed a notice of entry of judgment, pursuant to Rule 77, M.R.Civ.P., referring to the District Court=s July 8, 2003, order denying their application for injunctive relief and awarding FIB attorney fees as a sanction. On May 19, 2004, Stipes appealed from the July 8 order. As noted above in & 2, in this Court=s Order of July 7, 2004, we denied FIB=s motion to dismiss this appeal and left for consideration the basis of the award of attorney fees against Stipes.

¶18 The first issue on appeal is whether the District Court erred in granting FIB attorney fees as a sanction against Stipes without a specific hearing for this purpose. There has been no separate hearing for Stipes to show why sanctions should not be granted. Stipes argue that before a district court may impose sanctions pursuant to Rule 11, M.R.Civ.P., it must conduct a hearing, citing *Muri v. Frank,* 2003 MT 316, & 22, 318 Mont. 269, & 22, 80 P.3d 77, & 22. They now argue that they were entitled to a hearing that comports with due process protections, affording them an opportunity to be heard and to defend against the imposition of sanctions. Although Stipes state that the District Court erred by not holding such a hearing on sanctions, they do not seek a remand for a

6

hearing. Stipes simply argue to this Court that sanctions are not justified and the award must be reversed; they pray only for remand for a trial on the merits of their claims.

¶19 FIB argues that Stipes waived their opportunity for a hearing by withdrawing their objection to the amount of attorney fees and further through the corresponding stipulation waiving a hearing on the fees to be awarded.

¶20 Stipes are correct that before a district court may impose sanctions pursuant to Rule 11, M.R.Civ.P., it must conduct a hearing for that purpose. *Muri*, & 22; *Lindey=s, Inc. v. Goodover* (1994), 264 Mont. 489, 497, 872 P.2d 767, 772. District judges must keep in mind that the trial court must give notice to the party it proposes to sanction, and hold a hearing on whether such sanctions should be imposed, before imposing Rule 11 sanctions, so that the party it proposes to sanction will be provided with due process before it is punished. *Lindey=s, Inc.*, 264 Mont. at 497, 872 P.2d at 772. However, in this case Stipes waived such a hearing.

¶21 The District Court advised Stipes at the hearing on June 19, 2003, that it was considering an award of sanctions against them. In its order of July 8, 2003, the Court made such an award and gave Stipes the right to object to the amount. Stipes objected. Then, approximately one year later, after great *sturm und drang*, withdrew their objection on May 4, 2004, two days before the hearing. The following day, May 5, 2004, Stipes signed a Stipulation to Vacate May 6, 2004 Hearing on Award of Attorney Fees, agreeing as follows:

> 1. Plaintiffs agree to withdraw their Objection to Award of Attorney Fees and Costs filed July 17, 2003;

7

2. Plaintiffs agree and stipulate the amount awarded against Plaintiffs in the Courts= July 8, 2003 Opinion and Order in the amount of $11,741.00, is reasonable and appropriate;

3. The parties stipulate, as a result of Plaintiffs= withdrawal of their July 17, 2003 objection, and Plaintiffs' stipulation to the reasonableness of the $11,741.00 amount, the hearing scheduled for May 6, 2004, should be vacated;

4. Plaintiffs agree to waive their right to object to the lack of an evidentiary hearing regarding the award of attorney fees and costs.

¶22 Stipes argue that even though the language of their Notice of Withdrawal of Objection to Attorney Fees waived their objection to the reasonableness of the attorney fees, it preserved their "other, legal objections to the Court=s award of attorney fees." We recognized that such a distinction could exist in our Order filed June 7, 2004, allowing Stipes to continue with the present appeal. However, after a review of the complete record, we conclude that by the stipulation to vacate, Stipes waived their right to a hearing regarding the appropriateness of the award of attorney fees and costs.

¶23 Paragraph 1. of the stipulation states that Stipes "withdraw their Objection to Award of Attorney Fees and Costs[.]"  While this paragraph does not make any distinction between the award of a sanction, and the amount of such award, it does refer to the notice of withdrawal, which references such distinction.  Giving Stipes the benefit of the doubt, it could be said that paragraph 1. could preserve Stipes= right to object to the award of attorney fees.

¶24 In paragraph 2. of the stipulation Stipes agreed that the amount of the fees awarded against them was both "reasonable and appropriate."  The word "reasonable" refers to the amount of the award.  However, in agreeing that the award was "appropriate," Stipes waived their right to object to the award itself.

8

¶25    Finally, in paragraph 4., Stipes "waive[d] their right to object to the lack of an evidentiary hearing regarding the *award* of attorney fees and costs." (emphasis added). This is a general statement, which can only be interpreted to constitute a waiver of any objection to the imposition of the attorney fees, as well as the reasonableness of the amount.

¶26    We conclude that by the stipulation of May 5, 2003, Stipes waived their right to a hearing on the award of attorney fees.

¶27    The second issue on appeal is whether there was an adequate basis for the award of Rule 11, M.R.Civ.P., sanctions.

¶28    Stipes claim that there is no basis for the sanctions. They argue that their motion for an injunction and motion for disqualification of FIB=s counsel were not an attempt to re-litigate the spousal privilege issue, as the matter of an injunction to stay discovery was not before the District Court when it issued its order of June 6, 2003, denying their motion for a protective order.  They further argue that their motion was a good faith argument to extend the law.

¶29    The District Court, in its order of July 8, 2003, painstakingly set forth its reasons for sanctioning Stipes.  The District Judge made clear which pleadings, motions, and other actions the sanctions were based on.  Specifically, the District Court found that Stipes attempted to take a second run at issues previously determined by the District Court and that they repeatedly, unilaterally and improperly refused to attend properly noticed depositions.  In making its July 8, 2003, findings, the District Court reviewed the evidence and its order of June 6, 2003, referred to in & 8 above, wherein Stipes= first

9

demand for a protective order was made. It then determined that the entire basis of Stipes= petition for an injunction was the conversation between FIB=s counsel and Marvin Stipe=s estranged wife, which it had already determined did not violate the spousal privilege. The record supports this conclusion. This matter had been ruled upon in the June 6, 2003, order. The District Court accordingly found that the filing of the petition for an injunction was unjustified, as were the refusals to attend properly noticed depositions. The District Court then justifiably found that such conduct caused FIB to incur unnecessary expense in re-litigating issues and in preparing for depositions that Stipes refused to attend. The reasons stated by the District Court are more than adequate to impose sanctions. Imposition of sanctions for discovery abuse under Rule 11, M.R.Civ.P., is within the discretion of the District Court. *Bulen v. Navajo Ref. Co.*, 2000 MT 222, & 18, 301 Mont. 195, & 18, 9 P.3d 607, & 18. We conclude that the District Court did not abuse its discretion in awarding sanctions against Stipes.

¶30 Finally, after a detailed review of the record in the District Court and on appeal, we conclude that while Stipes= present appeal is unsuccessful, it was an attempt to place before this Court their position with regard to the award of sanctions. Thus, we decline to award FIB attorney fees in conjunction with this appeal. FIB shall have its costs on appeal.

/S/ JOHN WARNER

We Concur:

/S/ PATRICIA O. COTTER

/S/ BRIAN MORRIS

10

/S/ W. WILLIAM LEAPHART

Justice James C. Nelson dissents.

¶31    The Court's Opinion is a study in contradiction.  On the one hand, the Court pays lip service to the requirement for a due process hearing before imposition of a sanction under Rule 11, M.R.Civ.P.  The Court also "recognizes" that Stipe's counsel "could" have objected to the amount and reasonableness of the sanction and still preserve his objections to the sanction itself.  However, even after giving Stipe's counsel the "benefit of the doubt," the Court simply concludes that counsel waived the Rule 11 due process hearing when he stipulated to vacate the evidentiary hearing on the amount and reasonableness of the sanction.  I disagree.

¶32    First, as long as we are in the business of parsing the language in the various documents in the record, and, again, giving counsel the benefit of the doubt, I conclude that counsel did preserve his objection to the Rule 11 sanction being imposed, notwithstanding that he withdrew his objection to the lack of an evidentiary hearing on the amount and reasonableness of the attorney fees sanction.  The latter is all that "Stipulation to Vacate May 6, 2004 Hearing on Award of Attorney Fees" covered.  Counsel preserved his "other, legal objections to the Court's award of attorney fees" in his "Notice of Withdrawal of Objection to Attorney Fees" filed May 4, 2004.

¶33    The point to be noted here is that the District Court erred in allowing all of the *stürm und drang,* as the Court puts it, in the first place.  Before imposing a Rule 11 sanction, the court must, *sua sponte*, notice up a due process hearing and enter findings supporting the imposition of the sanction.  That was never accomplished in this case.  Our case law is clear.

12

¶34 We have repeatedly imposed on the trial court the requirement to conduct a due process hearing prior to the award of a Rule 11 sanction. *Lindey's, Inc. v. Goodover* (1994), 264 Mont. 489, 872 P.2d 767, was the seminal case wherein we imposed this requirement. In that case we stated:

> Respondents argue that Rule 11, M.R.Civ.P., contains no requirement that a trial court issue a separate and specific order to show cause, setting forth the specific questionable conduct, or affording an opportunity to be heard. In addition, respondents assert that the Montana Rules of Civil Procedure provided appellant with adequate notice of the claimed violation and ample opportunity to consider the issue without any violation of appellant's due process rights. Respondents argue that appellant had full notice that the District Court was required to impose sanctions should it determine that the facts constituted a violation of the rule.
>
> This issue presents a case of first impression. We agree with appellant that it is entitled to notice and a hearing, and specifically, to know the basis upon which the District Court imposed sanctions.
>
> Respondents rely on the language of Rule 11, M.R.Civ.P., and their pleadings wherein they raised the issue of whether appellant's independent action had any factual or legal basis, and wherein they requested their costs and attorney fees, pursuant to Rule 11.
>
> Although Montana's Rule 11 does not state that a trial court must give notice to show cause and hold a hearing before imposing Rule 11 sanctions, we hold that a trial court should do so in order to provide the party with due process. The party should be afforded sufficient time in which to prepare its case against imposition of sanctions. In addition, a trial court should specify in its judgment or order upon which pleading(s), motion(s), or other paper(s) it bases imposition of Rule 11 sanctions.

*Lindey's,* 264 Mont. at 497, 872 P.2d at 772.

¶35 We followed this rule in *State v. Toole County* (1996), 278 Mont. 253, 262-63, 924 P.2d 693, 698, and in *Muri v. Frank*, 2003 MT 316, ¶ 22, 318 Mont. 269, ¶ 22, 80 P.2d 77, ¶ 22.

¶36 In the case at bar, despite its obvious intention to sanction Stipe's counsel for alleged discovery abuses, the District Court did not notice up a Rule 11 hearing, nor did it

13

hold the hearing or make the requisite findings prior to imposing the sanction. Had the court done so, it is entirely likely that we would not now have to sort through the record and parse the language used by counsel in order to put our best spin on the proceedings and documents so as to preserve the trial court from error.

¶37 Moreover, in failing to follow our case law, the Court simply ignores the fact that the grounds for imposing the sanction and the amount and reasonableness of the sanction are discrete legal issues. These issues require different proof and involve different considerations.

¶38 As already noted in *Lindey's*, the imposition of the sanction involves due process considerations--notice and the opportunity to be heard and to offer proof that no sanction at all be imposed. The proof in this proceeding will consist of evidence directed at whether counsel did or did not, as a matter of fact, engage in conduct which was interposed for an improper purpose such as harassment, causing unnecessary delay or needless increase in the costs of litigation. Rule 11, M.R.Civ.P.

¶39 Once that bridge is crossed, and assuming the Court (a) determines that these Rule 11 criteria are proven and (b) makes the requisite findings to that effect, then the amount and reasonableness issue is reached. In the ordinary case, this latter issue will likely involve testimony from opposing counsel as to the attorney fees and costs incurred by his or her client as a result of the objectionable conduct, and it might involve third-party expert testimony as to the going rate of attorney fees vis-à-vis the nature and complexity of the work involved and result achieved.

14

¶40 It is undisputed that, here, there was no Rule 11 due process hearing. And, while counsel may have waived the second hearing--as to the amount and reasonableness of attorneys fees--the record is, at best, unclear whether counsel waived his right to contest the imposition of the sanction in the first place. Indeed, the record more likely reflects that he specifically preserved that objection.

¶41 I would reverse and remand for a Rule 11 due process hearing.

¶42 I dissent from our failure to so hold.

/S/ JAMES C. NELSON

Chief Justice Gray joins in the dissents of Justice James C. Nelson.

/S/ KARLA M. GRAY

Justice Jim Rice joins in the dissent of Justice James C. Nelson.

/S/ JIM RICE