DA 06-0438

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 410

DANIEL MARX,

  Plaintiff and Appellant,

 v.

BELGRADE VOLUNTEER FIREFIGHTERS RELIEF ASSOC.,

  Defendant and Appellee.

APPEAL FROM: District Court of the Eighteenth Judicial District,
      In and For the County of Gallatin, Cause No. DV-2004-481
      Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

      Michael J. San Souci, Law Office of Michael J. San Souci,
      Bozeman, Montana

    For Appellee:

      Kristin N. Hansen, Moore, O'Connell & Refling, P.C., Bozeman, Montana

          Submitted on Briefs: April 11, 2007

              Decided: December 9, 2008

Filed:

    _____
          Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Daniel Marx appeals from the order of the Eighteenth Judicial District Court, Gallatin County, granting summary judgment in favor of the Belgrade Volunteer Firefighters Relief Association (Association). We affirm.

## BACKGROUND

¶2    Marx began active service with the Belgrade Rural Fire Department (Department), on a volunteer basis, in 1979. In 1995, he requested a temporary leave of absence from the Department in order to devote more time to family commitments and to his outside job, where he had been recently promoted. In addition, as of July of that year, Marx had not completed the training requirements necessary to continue serving as a volunteer firefighter with the Department. As a result, the Department had placed him on probation for the calendar quarter running July 1 through September 30, 1995, and had cautioned him that "if you don't meet the minimum requirements for the next quarter, you will be removed from the rolls of the department." Marx indicated in his request for a temporary leave that he would complete the training requirements during his leave of absence.

¶3    The Department's acting chief submitted a letter to the Association's Board of Trustees (Board) recommending Marx be given until the end of October 1995 to complete a CPR refresher course and until January 1996 to meet the other minimum training requirements. The Board considered Marx's request at its October 3, 1995 meeting and rejected the Chief's recommendation. The Board instead terminated Marx's service.

¶4 Following his termination, Marx claims he made a number of verbal requests to the Board for a partial pension under § 19-18-602(5), MCA (1995).[1] That provision states, in pertinent part, that a member of a pure volunteer fire department who has completed 10 years' service as an active member of the department but who is prevented from completing 20 years' service by "any . . . factor beyond his reasonable control may nevertheless qualify for a partial or reduced pension in an amount and to the extent determined by the board of trustees of the association." Section 19-18-602(5), MCA.

¶5 According to Marx's affidavit filed in the District Court, the first of his requests for a partial pension occurred within six months after his termination, and he was "assured" that the Board would act on the request and notify him of its decision. Marx states that he reiterated his request a number of times over the next few years and that the Board repeatedly assured him of its intent to act upon the request. However, because he was "continually left in a state of limbo," Marx finally sent a written "follow-up request" for the partial pension to the Board on December 21, 2002.

¶6 In March 2004, the Board denied Marx's request in a letter, explaining that "[t]he trustees believe that your request does not meet the criteria for giving benefits." The Board enclosed with the letter a copy of § 19-18-602, MCA, which the Board stated was "the basis for [its] decision." Subsection (5) of § 19-18-602, MCA, was highlighted and the language "other factor beyond the member's reasonable control may qualify for a partial or reduced pension" was underlined. The Board included no other justification or explanation for denying Marx's pension request.

---

[1] All statutory references are to the 1995 version of the Montana Code Annotated.

3

¶7    Marx filed the instant action against the Association on August 25, 2004, seeking damages and declaratory relief. He alleged that he qualified for a partial or reduced pension under § 19-18-602(5), MCA, and that the Board had abused its discretion and acted arbitrarily and capriciously in denying him this pension. In August 2005, the Association filed a motion for summary judgment, relying in part on a statute of limitations defense. The Association argued that under § 27-2-211(1), MCA, Marx was required to have filed suit within two years of his termination, i.e., "not later than October 5, 1997, some eight years ago."

¶8    The District Court agreed with the Association and granted its motion on May 11, 2006. The court first observed that Marx had raised a genuine issue of material fact "as to [the] reason for his termination." Accordingly, the court assumed for purposes of its analysis that Marx had been terminated from the Department "for reasons beyond his control" and, thus, could qualify for a partial or reduced pension under § 19-18-602(5), MCA. The court identified the next issue as "how long a claimant has to claim his or her pension." Observing that § 19-18-602, MCA, and the surrounding provisions do not provide an answer, the court turned to § 27-2-211(1)(c), MCA, which establishes a two-year statute of limitations for claims arising out of "a liability created by statute other than . . . a penalty or forfeiture; or a statutory debt created by the payment of public assistance" (paragraph breaks omitted). The court decided that a volunteer firefighter's potential right to a service pension is "a liability created by statute that is not a penalty, forfeiture, or statutory debt created by the payment of public assistance." Accordingly, the court concluded that the two-year statute of limitations applied to Marx's claim.

4

Lastly, the court noted that the statute of limitations does not start to run until the claim accrues. In this regard, § 27-2-102(1)(a), MCA, states that "a claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action." In light of this definition, the court reasoned that once Marx was dismissed from the Department in October 1995, "his potential entitlement to a partial pension vested under the provisions of § 19-18-602, MCA. That is, nothing more had to happen in order for him to be able to request the partial pension."

¶9 Based on the foregoing analysis, the District Court concluded the Association had established a valid statute of limitations defense under § 27-2-211(1)(c), MCA; that Marx had not met his burden as the party opposing summary judgment to show a genuine issue of material fact related to the application of § 27-2-211, MCA; and that under the undisputed relevant facts, the Association was entitled to judgment as a matter of law. In reaching this conclusion, the court rejected Marx's arguments under a separate statute, § 27-2-301, MCA, on the grounds that this statute was inapplicable and that, even if the statute did apply, Marx's claim was still untimely. (The District Court's reasoning with respect to § 27-2-301, MCA, is discussed below.)

¶10 Marx now appeals.

## ISSUES

¶11 Broadly speaking, the issue on appeal is whether the District Court erred in granting the Association's motion for summary judgment. In challenging the District

Court's decision, Marx asserts three theories. First, he contends that the accrual date of his cause of action is controlled by § 27-2-301, MCA, and that the District Court erred in its analysis under this statute. Second, he contends that the doctrines of estoppel and waiver precluded the Association from asserting a statute of limitations defense in the first place. Third, he contends that under the doctrine of equitable tolling, the statute of limitations applicable to this action could be "equitably modified" or simply "precluded."

¶12 As to the second and third theories, Marx's arguments consist of nothing more than conclusory assertions. He neither lays out the elements of estoppel, waiver, and equitable tolling nor explains, based on a proper application of law to facts, why he is entitled to relief under these doctrines. With respect to the tolling theory in particular, we note that Marx's arguments in his appellate briefs are dedicated almost exclusively to the question of when his cause of action accrued, not whether the statute of limitations was tolled, and he cites no authority whatsoever for the proposition that, in the absence of an applicable statute, a mere informal request for action or relief tolls a statute of limitations indefinitely.

¶13 This approach is an utterly inadequate presentation of an issue to this Court. *See* M. R. App. P. 12(1)f. (requiring the argument section of the appellant's brief to contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and pages of the record relied on"); *see also e.g. State v. Mackrill*, 2008 MT 297, ¶ 49, 345 Mont. 469, ¶ 49, 191 P.3d 451, ¶ 49; *Jackson v. Jackson*, 2008 MT 25, ¶ 18, 341 Mont. 227, ¶ 18, 177 P.3d 474, ¶ 18. It is not this Court's job to conduct legal research on a party's behalf or to develop legal analysis

6

that may lend support to the position he advances. *See In re Marriage of McMahon*, 2002 MT 198, ¶ 6, 311 Mont. 175, ¶ 6, 53 P.3d 1266, ¶ 6; *State v. Gomez*, 2007 MT 111, ¶ 33, 337 Mont. 219, ¶ 33, 158 P.3d 442, ¶ 33. Accordingly, we will not further address Marx's estoppel, waiver, and equitable-tolling theories.

¶14 The sole issue on appeal, therefore, is whether the District Court erred in granting summary judgment in favor of the Association based on an incorrect determination of the accrual date of Marx's cause of action.

**STANDARDS OF REVIEW**

¶15 We review a district court's ruling on a motion for summary judgment de novo, applying the criteria set forth in M. R. Civ. P. 56. *Willden v. Neumann*, 2008 MT 236, ¶ 13, 344 Mont. 407, ¶ 13, 189 P.3d 610, ¶ 13; *Corporate Air v. Edwards Jet Center*, 2008 MT 283, ¶ 24, 345 Mont. 336, ¶ 24, 190 P.3d 1111, ¶ 24. Rule 56(c) provides that the judgment sought "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment has the initial burden of establishing both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. *Corporate Air*, ¶ 25. The evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences are to be drawn therefrom in favor of the party opposing summary judgment. *Peterson v. Eichhorn*, 2008 MT 250, ¶ 12, 344 Mont. 540, ¶ 12, 189 P.3d 615, ¶ 12. If the moving party meets its initial burden, then the burden shifts to the nonmoving party to establish

7

with substantial evidence, as opposed to mere denial, speculation, or conclusory statements, that a genuine issue of material fact does exist. *Peterson*, ¶ 13; *Willden*, ¶ 13. If no genuine issue of material fact exists, then the court determines whether the moving party is entitled to judgment as a matter of law. *Corporate Air*, ¶ 25. This determination is a conclusion of law, which we review for correctness. *Corporate Air*, ¶ 25.

¶16 Whether the Association is entitled to judgment as a matter of law on its statute of limitations defense requires an interpretation and application of pertinent statutes. This Court reviews for correctness a district court's interpretation and application of a statute. *In re A.W.*, 1999 MT 42, ¶ 6, 293 Mont. 358, ¶ 6, 975 P.2d 1250, ¶ 6; *Williams v. Zortman Mining, Inc.*, 275 Mont. 510, 512, 914 P.2d 971, 972-73 (1996).

## DISCUSSION

¶17 ***Did the District Court err in granting summary judgment in favor of the Association based on an incorrect determination of the accrual date of Marx's cause of action?***

¶18 Marx does not address the preliminary steps in the District Court's analysis. As noted, the court assumed, for the sake of argument, that Marx could qualify for a partial or reduced pension under § 19-18-602(5), MCA. The court then decided that the "right to a service pension" is "a liability created by statute" as contemplated by § 27-2-211(1)(c), MCA. Thus, the court concluded that the two-year statute of limitations in § 27-2-211(1)(c), MCA, applied to Marx's cause of action.

¶19 Marx begins the Argument section of his brief with the statement, "Even assuming that the two-year limitations period for statutory obligations under §27-2-211[(1)](c), MCA, applies in this case . . . ." It is not clear from Marx's use of the prefatory words

8

"Even assuming" whether (1) he does not believe that § 27-2-211(1)(c), MCA, is the appropriate statute of limitations here or (2) he is making an offhand reference to his theory that the Association is precluded by estoppel and waiver from asserting a statute of limitations defense in the first place. Either way, he presents no argument that a different statute of limitations provision should apply, and his estoppel and waiver contentions are not properly before us for the reasons discussed above. Thus, we proceed on the premise that § 27-2-211(1)(c), MCA, is the applicable statute of limitations.

¶20     The crux of the issue raised by Marx is *when* the two-year limitations period began to run, i.e., when his cause of action against the Association accrued. In answering this question, the District Court relied on § 27-2-102(1)(a), MCA, which, as noted, states that a cause of action accrues "when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action." Based on this statute, the court concluded that Marx's cause of action accrued in October 1995 when he was dismissed from the Department and that the statute of limitations, therefore, expired in October 1997. It is on this point that Marx contends the District Court erred.

¶21     Specifically, Marx articulates a "theory of delayed accrual." He first asserts that § 27-2-211(1)(c), MCA, is "subject to the accrual rules" set forth in Title 27, chapter 2, part 3, MCA. In particular, he relies on § 27-2-301, MCA, which states as follows:

> Where a right exists but a demand is necessary to entitle a person to
> maintain an action, the time within which the action must be commenced
> must be computed from the time when the demand is made, except where
> the right grows out of the receipt or detention of money or property by an
> agent, trustee, attorney, or other person acting in a fiduciary capacity, the

9

time must be computed from the time when the person having the right to make the demand has actual knowledge of the facts upon which that right depends.

In addition, Marx cites *Viers v. Webb*, 76 Mont. 38, 245 P. 257 (1926), as standing for the rule that "in fiduciary relationships, such as a bailment or trust, the statute of limitations does not begin to run until a demand or request has been made which is then denied or rejected." He also cites *State ex rel. Central Auxiliary Corporation v. Rorabeck*, 111 Mont. 320, 108 P.2d 601 (1940), for the proposition that "the statute of limitations does not run until a trustee formally repudiates his obligation." Applying these rules and § 27-2-301, MCA, to the case at hand, Marx argues that "the Association's position did not become clear or irretrievable until its trustees and officers had finally issued a formal or official notification of their determination to deny his request, with the same being mailed on March 18, 2004." In Marx's view, therefore, his "obligation to commence litigation did not accrue and/or was not triggered until that time - the intervening delays of the Association notwithstanding."

¶22    We are not persuaded by Marx's reliance on § 27-2-301, MCA, and his rule of "formal" repudiation/denial. At the outset, Marx does not point to any statutory language (and we have found none) stating that the two-year limitations period prescribed by § 27-2-211(1)(c), MCA, is "subject to" the accrual rule in § 27-2-301, MCA. Rather, the statutory scheme states that, "[u]nless otherwise provided by statute, the period of limitation begins when the claim or cause of action accrues," § 27-2-102(2), MCA, and "a claim or cause of action accrues when all elements of the claim or cause exist or have

10

occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action," § 27-2-102(1)(a), MCA.

¶23 The accrual provisions set out in §§ 27-2-301 to -304, MCA, apparently supersede § 27-2-102(1)(a), MCA, in the particular circumstances addressed in §§ 27-2-301 to -304, MCA. For instance, § 27-2-301, MCA, applies to situations in which a demand is necessary to entitle a person to maintain an action; § 27-2-302, MCA, applies to mutual accounts; § 27-2-303, MCA, applies to actions for waste, trespass, or injury committed during mining work or exploration; and § 27-2-304, MCA, applies to actions involving personal property accruing after death and before issuance of letters of administration. However, nothing in § 27-2-211(1), MCA, indicates that an action upon a liability created by statute is "subject to" the specific accrual provisions in §§ 27-2-301 to -304, MCA, as opposed to the general accrual provision in § 27-2-102(1)(a), MCA.

¶24 The only remaining question, therefore, is whether § 27-2-301, MCA, supersedes § 27-2-102(1)(a), MCA, on the facts of this case. The language of § 27-2-301, MCA, suggests it does not for at least two reasons. First, this provision applies "[w]here a right exists but a demand is necessary to entitle a person to maintain an action." Section 27-2-301, MCA. Marx cites no authority for the proposition that "a demand" was necessary before he could maintain an action against the Association for a partial pension.

¶25 Second, and at the heart of Marx's arguments, § 27-2-301, MCA, prescribes a special accrual rule where "the right grows out of the receipt or detention of money or property by an agent, trustee, attorney, or other person acting in a fiduciary capacity." In

11

that situation, "the time [within which the action must be commenced] must be computed from the time when the person having the right to make the demand has actual knowledge of the facts upon which that right depends." Section 27-2-301, MCA. Marx's position appears to be that the Board was acting in a fiduciary capacity vis-à-vis the partial pension for which he claims he qualified under § 19-18-602(5), MCA. The District Court accepted this premise for the sake of analysis.[2] The court then reasoned that Marx's repeated requests for a partial pension, which he began making within six months of his October 1995 termination, evidenced his "actual knowledge of his right to apply for a partial pension" and the two-year limitations period, therefore, began to run sometime in 1996. Furthermore, the court concluded that the Association's alleged delay in providing Marx with a definite answer to his verbal requests was irrelevant in light of our statement in *Pincus v. Pincus' Estate*, 95 Mont. 375, 26 P.2d 986 (1933), that the statute of limitations commences to run "from the time that plaintiff knew the facts which would have justified him in making demand" for the profits to which he claimed he was entitled. *Pincus*, 95 Mont. at 386-87, 26 P.2d at 991 (citing § 9058, RCM (1921), which is now § 27-2-301, MCA).

¶26 Marx, however, argues that he could not have had "actual knowledge of the facts upon which [his] right depends" until the Board sent him the repudiation letter in March

---

[2] The issue of whether Marx in fact qualified for a partial pension, which the Board (allegedly) arbitrarily and capriciously denied, was not resolved in the District Court since the court dismissed his complaint at the summary judgment stage based on the statute of limitations. Likewise, here, for the sake of argument, we accept, but do not resolve, the premise that that the Board was acting in a fiduciary capacity vis-à-vis a partial pension to which Marx was entitled.

12

2004. He likens the instant action against the Association to an action "for breach of a trust or fiduciary obligation," and he asserts that such an action does not accrue until the trustee/fiduciary "formally repudiates" its obligation and the beneficiary has knowledge of that repudiation. Notably, none of the authorities cited by Marx in support of this argument uses the term "formally repudiates" or "formal repudiation," *see Rorabeck*, 111 Mont. 320, 108 P.2d 601; *Viers*, 76 Mont. 38, 245 P. 257; *Blackford v. City of Libby*, 103 Mont. 272, 62 P.2d 216 (1936); *Cobell v. Norton*, 260 F. Supp. 2d 98 (D.D.C. 2003); *Oeth v. Mason*, 56 Cal. Rptr. 69 (Cal. App. 2d Dist. 1967); *April Enterprises, Inc. v. KTTV*, 195 Cal. Rptr. 421 (Cal. App. 2d Dist. 1983); *Restatement (Second) of Trusts* § 219 (1992), and Marx cites no authority holding that a repudiation of a fiduciary obligation must be accomplished by written letter (as opposed to conduct amounting to a repudiation). But the ultimate flaw in Marx's argument is that he essentially would have us insert a requirement of "formal repudiation" or "formal denial of a claim" into § 27-2-301, MCA. This we may not do. *See* § 1-2-101, MCA ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.").

¶27    Again, the statutory language under consideration states that "the time [within which the action must be commenced] must be computed from *the time when the person having the right to make the demand has actual knowledge of the facts upon which that right depends*." Section 27-2-301, MCA (emphasis added). Marx's right depends on the facts that he was a member of a pure volunteer fire department who completed 10 years'

service as an active member of the department but was prevented from completing 20 years' service by a "factor beyond [his] reasonable control." Section 19-18-602(5), MCA. Marx had actual knowledge of these facts in October 1995. Even assuming the Board was acting in a fiduciary capacity and it detained money or property to which Marx was entitled, Marx has failed to show error in the District Court's determination that, under § 27-2-301, MCA, his action accrued in October 1995.

¶28 Before concluding, we note Marx's reliance on *Martin v. Construction Laborer's Pension Trust*, 947 F.2d 1381 (9th Cir. 1991), *Wetzel v. Lou Ehlers Cadillac Group*, 222 F.3d 643 (9th Cir. 2000), and *Kosty v. Lewis*, 319 F.2d 744 (D.C. Cir. 1963), for the proposition that a suit to enforce rights under a pension plan accrues when there has been "a clear and continuing repudiation" of rights made known to the beneficiary, and not while the trustees are "giving continuing consideration" to the applicant's eligibility. We find these cases inapposite for the simple reason that "federal law determines the time at which the cause of action accrues," *Martin*, 947 F.2d at 1384, whereas here we are concerned with the rules of accrual provided under Montana law in §§ 27-2-102(1)(a) and -301, MCA.

¶29 We also note Marx's argument that under the District Court's interpretation and application of the foregoing statutes, "participants, beneficiaries and claimants effectively could be required to file suit before their administrative remedies have been exhausted." Marx likens this to a "shoot first and ask questions later" approach, and he speculates that had he filed suit prior to the March 2004 written denial, the Association would have complained that his suit was "premature." Marx also claims it was not "his fault" the

14

Association "consistently put [him] off" and it was not "fair" for the Association to ignore his requests. Whether or not these statements are true, however, they ultimately miss the mark. Marx identifies no statutory provision requiring him to exhaust "administrative remedies" before pursuing an action for a partial pension. Moreover, his assertions in this regard seem to relate more to his estoppel and waiver theories than the application of §§ 27-2-102(1)(a) and -301, MCA.

## CONCLUSION

¶30 With respect to the Association's statute of limitations defense, we conclude that the Association met its initial burden, as the moving party, of establishing both the absence of genuine issues of material fact and its entitlement to judgment as a matter of law. Furthermore, Marx did not meet his burden as the nonmoving party of establishing, with substantial evidence, the existence of a genuine issue of material fact. Based on the application of §§ 27-2-102(1)(a), -211(1)(c), and -301, MCA, to the undisputed relevant facts, the Association was entitled to judgment as a matter of law on its statute of limitations defense. Accordingly, we affirm the decision of the District Court.

¶31 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART

15