FILED

August 24 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0565

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 278N

HELENA STOCKWELL, DIAN MERRELL,
FLOYD MERRELL and VIVIAN MARCH,

   Plaintiffs and Appellees,

 v.

WILMER E. WINDHAM and JEANNE WINDHAM,

   Defendants and Appellants.

APPEAL FROM: District Court of the Twentieth Judicial District,
       In and For the County of Lake, Cause No. DV 07-0224
       Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Wilmer E. Windham, Attorney at Law; Polson, Montana

   For Appellees:

     Scott M. Stearns, Boone Karlberg P.C.; Missoula, Montana

          Submitted on Briefs: July 8, 2009

             Decided: August 24, 2009

Filed:

    _____
          Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Helena Stockwell, Dian Merrell, Floyd Merrell, and Vivian March (collectively, "Stockwell") commenced the instant action in the Twentieth Judicial District Court, Lake County, in July 2007 by filing a Notice of Filing of Foreign Judgments and Affidavits. Stockwell sought under the Uniform Enforcement of Foreign Judgments Act (Title 25, chapter 9, part 5, MCA) to enforce two judgments obtained against Wilmer Windham and Jeanne Windham in March 2005 and August 2006 in the Superior Court of California, Ventura County, totaling $1,513.01.

¶3 The Windhams responded by filing a Motion to Set Aside Judgment, Quash Execution and Establish Exemptions, Brief and Affidavit in Support of Motion and Request for Sanctions. They asserted that the California judgments had been fully satisfied, that the two Abstract of Judgment documents issued by the California Superior Court and filed in the District Court by Stockwell were "false," and that the California judgments were not "final and ripe for enforcement" because an appeal therefrom was pending in the California Court of Appeal. Stockwell then offered on August 13, 2007,

2

to settle this dispute pursuant to § 25-7-105, MCA, for $1,513.00 (one cent less than the California judgments). The Windhams rejected the offer and thereafter asked the District Court to modify (more specifically, reduce) the California judgments to $427.59.

¶4 The District Court held a hearing and subsequently denied the Windhams' motion. The court reasoned that under §§ 25-9-503 and -603, MCA, and §§ 577 and 917.1(a)(1) of the California Code of Civil Procedure, a money judgment must be satisfied even when an appeal is pending. Furthermore, noting that there was "no evidence before the court showing that the final money judgment has been satisfied," the court ordered that the California judgments were "final for sums in this case."

¶5 Stockwell then filed a motion for costs and attorneys' fees and an affidavit in support of said motion covering costs advanced and attorneys' fees incurred from August 7, 2007, to June 19, 2008 (the date of the affidavit), totaling $10,696.91 ($10,566.99 in attorneys' fees plus $129.92 in costs). The District Court held a hearing and thereafter granted the motion, with the exception of 5.4 hours in attorneys' fees which predated the service of Stockwell's offer of settlement. The court thus awarded $9,724.91. In so doing, the court observed that Stockwell had provided evidentiary support for her motion based on the reasonableness factors set forth in *James Talcott Constr. v. P&D Land Enters.*, 2006 MT 188, ¶ 63, 333 Mont. 107, 141 P.3d 1200. The court further observed that the Windhams had been afforded the opportunity to file a response and have a hearing yet had offered no evidence to rebut the reasonableness of the attorneys' fees claimed by Stockwell. The court noted that the Windhams instead wished to relitigate the underlying litigation in California, but that issue was not properly before the court.

3

Citing *Stipe v. First Interstate Bank of Polson*, 2005 MT 295, ¶ 22, 329 Mont. 320, 125 P.3d 591, the District Court thus concluded that the Windhams had effectively waived their right to challenge the reasonableness of the claimed attorneys' fees. Nevertheless, the court also reasoned that Stockwell had prevailed in this action after the Windhams rejected her Offer of Settlement. Thus, the court concluded that the Windhams were obligated under § 25-7-105, MCA, to pay her costs and attorneys' fees.

¶6 The court entered judgment in favor of Stockwell in the amount of $11,237.92: $1,513.01 for the two California judgments, plus $9,724.91 for costs and attorneys' fees incurred between August 13, 2007 (when Stockwell served her Offer of Settlement) and June 19, 2008 (the date of her counsel's affidavit). The Windhams now appeal.

¶7 The dispositive issue on appeal concerns the District Court's application of § 25-7-105, MCA.[1] We review de novo a district court's interpretation and application of a statute. *In re J.D.N.*, 2008 MT 420, ¶ 8, 347 Mont. 368, 199 P.3d 189. The Windhams argue that neither subsection (1) nor subsection (2) of § 25-7-105, MCA, applies to this case. We agree with Stockwell, however, that subsection (2) applies here.

¶8 Section 25-7-105(2), MCA, states:

> When the liability of one party to another has been determined by verdict, order, or judgment, but the amount or extent of the liability remains to be determined by further proceedings, either party may make a written offer of settlement. The offer has the same effect as an offer before trial, and the applicable provisions of subsection (1) apply if the offer is served

---

[1] The Windhams attempt to inject into this appeal a number of extra-record and largely irrelevant factual matters, to which Stockwell objects. As a general rule, "this Court may not rely on facts outside of the record in resolving an issue before it." *Havre Daily News, LLC v. City of Havre*, 2006 MT 215, ¶ 25, 333 Mont. 331, 142 P.3d 864.

within a reasonable time not less than 10 days prior to the commencement of a hearing to determine the amount or extent of liability.

The relevant portion of subsection (1), in turn, states: "An offer not accepted is considered withdrawn and evidence of the offer is not admissible except in a proceeding to determine costs. If the final judgment is less favorable to the offeree than the offer, the offeree shall pay the costs incurred by the offeror after the offer was made." Section 25-7-105(1), MCA.

¶9 Stockwell points out that the Windhams' liability to Stockwell was determined in the California Superior Court, that the Windhams sought further proceedings in the present action regarding the amount or extent of that liability, that Stockwell made a timely written offer of settlement, that the offer was not accepted, that the final judgment imposed by the District Court ($1,513.01) was less favorable to the Windhams than the offer ($1,513.00), and that the Windhams, therefore, must pay the costs incurred by Stockwell after the offer was made.

¶10 Notwithstanding Stockwell's logic, however, the Windhams insist that subsection (2) should not apply in this case. First, they contend that Stockwell's settlement offer was "frivolous," "not made in good faith," and not "reasonable." The Windhams take issue with the fact that the offer was only one penny less than the amount of the California judgments. Yet, the statutory language, which the Windhams themselves characterize as "clear" and "plain," states simply that either party may make "a written offer of settlement," § 25-7-105(2), MCA, and that if the final judgment is "less favorable to the offeree than the offer," the offeree shall pay the costs incurred by the offeror after

5

the offer was made, § 25-7-105(1), MCA. We are not persuaded by the Windhams' arguments that on the facts of this case, Stockwell's offer of $1,513.00 to settle the dispute over the California judgments and the final judgment of $1,513.01 entered by the District Court did not meet these statutory requirements. The final judgment of $1,513.01 was "less favorable" to the Windhams than Stockwell's offer.

¶11    Second, the Windhams assert that subsection (2) only applies "where liability has been imposed or determined, by the first part of a bifurcated trial, summary adjudication of liability, default or as a sanction, and a hearing must be held to determine the amount owing." Contrary to M. R. App. P. 12(1)f., however, the Windhams offer no authority or analysis whatsoever in support of this interpretation of the statute. Accordingly, we will not address their contention. *See Marx v. Belgrade Volunteer Firefighters Relief Assn.*, 2008 MT 410, ¶ 13, 347 Mont. 256, 198 P.3d 247.

¶12    Citing *James Talcott Constr.*, ¶ 64, and *Rothing v. Kallestad*, 2007 MT 109, ¶ 53, 337 Mont. 193, 159 P.3d 222, the Windhams assert that the award of attorneys' fees is invalid because the District Court failed to conduct an evidentiary hearing. However, Stockwell points out that the court did, in fact, hold a hearing at which the Windhams could have presented evidence. Indeed, the court noted in its order granting Stockwell's motion for fees and costs that the Windhams "did not call Mr. Stearns [Stockwell's attorney] as a witness to rebut his affidavit, nor did [they] provide any evidence [Stockwell's] claimed fees were unreasonable." The record confirms that Stockwell presented substantial evidence in support of her motion and that the Windhams failed to present any evidence in rebuttal. Consequently, given the Windhams' specific argument

6

challenging the District Court's award of attorneys' fees—namely, that it is not " 'based on competent evidence,' " *Rothing*, ¶ 53—we are not persuaded that the award is invalid.

¶13     As a final matter, Stockwell asserts that under § 25-7-105, MCA, she is entitled to "the so far un-awarded fees and costs incurred since June 2008." But she requests that we "remand the matter to the District Court for a final accounting of attorney fees and costs now owed to Stockwell." Thus, we need not address this matter within the content of this appeal. Stockwell may raise the question of her entitlement to additional costs under § 25-7-105, MCA, in the District Court on remand.

¶14     In conclusion, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. Having reviewed the record, the District Court's order, and the parties' briefs, we conclude that the District Court should be affirmed on the facts and arguments presented.

¶15     Affirmed.

/S/ JAMES C. NELSON

We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE